THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHAWN M. McKENNEY, Defendant-Appellant.

Second District   No. 2—93—0305

Opinion filed January 19, 1994.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Theodore A. Gottfried, of State Appellate Defender's Office, of Springfield, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE PECCARELLI delivered the opinion of the court:

The defendant, Shawn M. McKenney, was convicted of first-degree murder (Ill. Rev. Stat. 1985, ch. 38, par. 9—1(a)(3) (now 720 ILCS 5/9—1(a)(3) (West 1992))) and sentenced to 40 years' imprisonment. On direct appeal, this court affirmed his conviction (*People v. McKenney* (1990), 197 Ill. App. 3d 1105 (unpublished order under Supreme Court Rule 23)). The defendant filed a petition for relief pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.* (now codified, as amended, at 725 ILCS 5/122—1 *et seq.* (West 1992))). The State moved to dismiss the petition. The circuit court granted the motion to dismiss. The defendant appealed. The circuit court appointed the State Appellate Defender to represent the defendant on appeal.

The State Appellate Defender on September 7, 1993, filed a motion to withdraw as counsel on appeal and filed a notice and proof of service to the defendant. Defendant's counsel stated he reviewed the record and concluded there is no issue which would merit relief on appeal. Defendant's counsel's motion sets out the procedural history of the case and the issue raised by the petition, *viz.*, that trial errors deprived the defendant of the opportunity to allow the jury to convict him of voluntary or involuntary manslaughter (Ill. Rev. Stat. 1985, ch. 38, pars. 9—2(a), 9—3(a) (now respectively codified, as amended, at 720 ILCS 5/9—2(a) (second-degree murder), 9—3(a) (West 1992))). The issue is premised on the assumption that the offenses of voluntary and involuntary manslaughter were available to the defendant charged with felony murder who is committing a burglary in the victim's home. These lesser offenses were not available to the defendant. Defendant's counsel observes that, because felony murder is premised on strict liability for a killing committed in the course of a felony, the lesser offenses of voluntary manslaughter and involuntary manslaughter are not available alternatives. *People v. McCarroll* (1988), 168 Ill. App. 3d 1020, 1023.

The defendant is entitled to notice and adequate time in which to respond to the motion. Counsel advised the defendant of the motion and that defendant will be given an opportunity to respond to the motion and to raise in this court any issue he deems reviewable.

The United States Supreme Court in *Pennsylvania v. Finley* (1987), 481 U.S. 551, 95 L. Ed. 2d 539, 107 S. Ct. 1990, held that in

collateral post-conviction proceedings the United States Constitution does not require the full protection of *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396.

The defendant is entitled to reasonable representation as provided by State law on an appeal of the denial of a post-conviction petition (*People v. Lee* (1993), 251 Ill. App. 3d 63, 64-65). *People v. Flores* (1992), 153 Ill. 2d 264, 276.

Counsel requested this court grant defendant a reasonable opportunity to respond to the motion to withdraw and to raise any issue defendant deems reviewable.

This court considered the motion to withdraw on September 9, 1993, and entered an order continuing the motion for 30 days to allow the defendant to file any additional meritorious matters on his behalf.

The clerk of this court on September 9, 1993, advised the defendant by mail of the court's order of September 9, 1993, that the motion to withdraw was continued for 30 days in order to allow the defendant to file any additional matters he felt meritorious, or other matters as to why the motion should not be allowed. More than 30 days has elapsed since September 9, 1993, and the defendant has made no response.

We agree with the analysis of the State Appellate Defender that there are no meritorious issues which would support relief on a post-conviction petition. The representation of the State Appellate Defender was reasonable. The motion of the State Appellate Defender to withdraw as counsel on appeal is granted. The judgment of the circuit court is affirmed.

Affirmed.

McLAREN and BOWMAN, JJ., concur.