THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILLY HUGHES, JR., Defendant-Appellant.

Fourth District   No. 4—01—0256

Opinion filed April 16, 2002.

Daniel D. Yuhas and Michael H. Vonnahmen, both of State Appellate Defender's Office, of Springfield, for appellant.

Timothy J. Huyett, State's Attorney, of Lincoln (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE TURNER delivered the opinion of the court:

Defendant, Billy Hughes, Jr., appeals from a March 2001 order of the circuit court of Logan County denying his postconviction petition. He asserts the trial court should have granted the petition because he did not receive effective assistance of counsel due to his trial counsel's failure to file a motion to reduce sentence. We affirm.

## I. BACKGROUND

In April 1999, the State charged defendant with calculated criminal drug conspiracy (720 ILCS 570/405(b) (West 1998)), unlawful delivery of a controlled substance (720 ILCS 570/401(a)(2)(B) (West 1998) (text of section as amended by Pub. Act 90—674, § 5, eff. January 1, 1999 (1998 Ill. Laws 3492, 3498-502))), unlawful possession of a controlled substance (720 ILCS 570/402(a)(2)(B) (West 1998) (text of section as amended by Pub. Act 90—655, § 162, eff. July 30, 1998 (1998 Ill. Laws 2123, 3033-37) and Pub. Act 90—674, § 5, eff. January 1, 1999 (1998 Ill. Laws at 3498-502))), calculated criminal cannabis conspiracy (720 ILCS 550/9(b) (West 1998)), unlawful delivery of cannabis (720 ILCS 550/5(d) (West 1998)), and unlawful possession of cannabis (720 ILCS 550/4(d) (West 1998)) for his role in an April 3, 1999, incident. The State also charged him with driving while under the influence (625 ILCS 5/11—501(a)(3) (West Supp. 1997)) and unlawful possession of cannabis (720 ILCS 550/4(a) (West 1998)) for his actions on May 26, 1998.

In July 1999, defendant and the State entered into a plea agreement, under which defendant pleaded guilty to unlawful delivery of a controlled substance and unlawful delivery of cannabis, and the State dismissed the other six charges. The plea was open as to sentencing. After an August 1999 hearing, the trial court sentenced defendant to 12 years' imprisonment for unlawful delivery of a controlled substance to run concurrent to 5 years' imprisonment for unlawful delivery of cannabis.

In July 2000, defendant filed a *pro se* postconviction petition, asserting he was denied effective assistance of counsel during all proceed-

ings. Defendant further asserted his counsel was ineffective because counsel (1) promised defendant he would receive a nine-year sentence and (2) never attempted to raise the entrapment defense. In August 2000, the trial court appointed the public defender to represent defendant on his postconviction petition. In March 2001, the public defender filed a certification pursuant to Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)), stating he had examined defendant's case and made any necessary amendments to defendant's *pro se* petition.

In March 2001, the trial court held an evidentiary hearing on defendant's petition. At the hearing, defendant also asserted his trial counsel was ineffective because he failed to file a motion to reduce his sentence. Defendant testified that after his sentencing hearing, his trial counsel, Scott Sabin, told defendant he was going to file a motion for a sentence reduction that day. Defendant stated he had asked Sabin to file a motion to reduce sentence. Upon learning no motion was filed, defendant sent a letter dated December 3, 1999, to Sabin, asking why he did not file the motion. Sabin sent a letter dated January 17, 2000, to defendant in response.

Sabin's letter to defendant was admitted into evidence at the hearing. In the letter, Sabin stated he did not file the motion to reduce sentence. Sabin offered the following explanation:

> "After carefully reviewing the provisions of your sentence, there appeared to be no good[-]faith basis for seeking your sentence reduction. There was no additional mitigating evidence which I could present to the court, nor any change in circumstances which could be offered to the court, as a basis for a reduction of sentence."

Sabin testified defendant wanted him to file a motion to reduce sentence. Sabin admitted he did not file the motion to reduce sentence or a notice of appeal. He also acknowledged receiving the December 1999 letter from defendant. Sabin further testified his opinion about filing the motion had not changed since his January 2000 letter to defendant.

At the conclusion of the hearing, the trial court denied defendant's petition. As to the motion to reduce sentence, the trial court noted it did not believe anything new was presented that it would consider, and the offense was significant due to the amount of cocaine. This appeal followed.

## II. ANALYSIS

Defendant asserts the trial court erred in denying his postconviction petition. He contends he was denied effective assistance of counsel because his trial counsel did not file a motion to reconsider.

■ When a trial court has denied defendant's postconviction petition after an evidentiary hearing, we will apply a manifestly erroneous standard. See *People v. Coleman*, 183 Ill. 2d 366, 385, 701 N.E.2d 1063, 1074 (1998); *People v. Childress*, 191 Ill. 2d 168, 174, 730 N.E.2d 32, 35 (2000). A ruling is manifestly erroneous if it contains error that is clearly evident, plain, and indisputable. *People v. Ruiz*, 177 Ill. 2d 368, 384-85, 686 N.E.2d 574, 582 (1997).

■ We review ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). See *People v. Evans*, 186 Ill. 2d 83, 93, 708 N.E.2d 1158, 1163 (1999). To obtain reversal under *Strickland*, a defendant must prove (1) his counsel's performance failed to meet an objective standard of competence, and (2) counsel's deficient performance resulted in prejudice to the defendant. *Evans*, 186 Ill. 2d at 93, 708 N.E.2d at 1163. The *Strickland* Court noted when a case is more easily decided on the ground of lack of sufficient prejudice, rather than that counsel's representation was constitutionally deficient, the court should do so. *Strickland*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

■ Defendant asserts, citing *People v. Moore*, 133 Ill. 2d 331, 339, 549 N.E.2d 1257, 1261 (1990), prejudice need not be shown where counsel fails to perfect a defendant's appeal. However, even if prejudice is presumed, a defendant still must show counsel's deficient performance " 'actually cause[d] the forfeiture of the defendant's appeal.' " *People v. Edwards*, 197 Ill. 2d 239, 252, 757 N.E.2d 442, 450 (2001), quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 145 L. Ed. 2d 985, 999, 120 S. Ct. 1029, 1038 (2000). As defendant points out, *Flores-Ortega* holds that a *pro se* defendant cannot be required to demonstrate how his appeal would have been successful to establish he was prejudiced by his attorney's failure to pursue a requested appeal. *Edwards*, 197 Ill. 2d at 253, 757 N.E.2d at 450.

■ In this case, defendant was not *pro se*. The trial court appointed counsel that reviewed defendant's case and represented him at the evidentiary hearing. Thus, *Flores-Ortega* and *Edwards* are distinguishable from this case.

In limiting its holding to the dismissal of a defendant's petition at the first stage of the postconviction process, the Supreme Court of Illinois in *Edwards* noted that after the appointment of counsel, the defendant would need to make a substantial showing that he told his trial counsel to file a motion to withdraw his guilty plea and counsel was constitutionally ineffective for failing to do so. See *Edwards*, 197 Ill. 2d at 257-58, 757 N.E.2d at 453. Such a showing would necessarily entail some explanation of the grounds that could have been presented

in the motion to withdraw the plea. *Edwards*, 197 Ill. 2d at 258, 757 N.E.2d at 453.

Accordingly, defendant was required to present evidence of the grounds that could have been raised in the motion to reconsider to establish ineffective assistance of counsel. At the hearing, defendant did not assert any grounds for a reduced sentence, and Sabin testified he found no such grounds. Thus, defendant failed to meet his burden as to the prejudice prong. Accordingly, the trial court's judgment was not manifestly erroneous.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK and STEIGMANN, JJ., concur.