NOTICE
Decision filed 02/04/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160460-U

NO. 5-16-0460

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 13-CF-97 |
| | ) | |
| JAMES E. O'BRIEN, | ) | Honorable |
| | ) | Walden E. Morris, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Presiding Justice Welch and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   This appeal of the circuit court's dismissal of the defendant's postconviction petition is dismissed as moot because the defendant's postconviction petition challenges only his sentence, which he has now served in its entirety. Therefore, this court cannot provide the relief requested.

¶ 2    The defendant, James E. O'Brien, appeals the circuit court's dismissal of his postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a motion to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). The defendant was given proper notice and granted an extension of time to file briefs, objections, or any other document supporting his appeal. The defendant did not file a response. We considered OSAD's motion to withdraw as counsel on appeal. We examined the

1

entire record on appeal and found no error or potential grounds for appeal. Additionally, because the defendant has completed his sentence, this appeal is moot, and we dismiss the appeal.

¶ 3                                    BACKGROUND

¶ 4      The State charged the defendant with multiple crimes by way of information. Only one count is at issue here. That count charged the defendant with driving while his driver's license was revoked. The information alleged that the defendant had previously been convicted of driving on a suspended or revoked license on four other occasions making the count a Class 4 felony.

¶ 5      Ultimately, the defendant pleaded guilty to driving while his license was revoked. In return, the State dismissed the remaining counts. Prior to accepting the plea, the circuit court admonished the defendant that he was eligible for extended-term sentencing.

¶ 6      At the sentencing hearing, the State entered a list of the defendant's previous convictions, one of which was a felony DUI conviction that had occurred within the previous 10 years. The circuit court sentenced the defendant to six years' incarceration with the Illinois Department of Corrections (IDOC) to be served at 50%. Following his term of incarceration, the defendant was required to serve one year of mandatory supervised release (MSR).

¶ 7      The defendant did not file a direct appeal, opting instead to file a postconviction petition. The defendant alleged that his sentence was the result of an impermissible double enhancement. He argued that because his previous convictions for driving with a suspended or revoked license elevated his crime from a misdemeanor to a Class 4 felony, those same convictions could not then be used to make him extended-term eligible. The defendant couched this claim as a direct claim of improper double enhancement and as a claim of ineffective assistance of counsel. Regardless, the defendant sought only one form of relief: he sought to be resentenced to a non-

2

extended-term sentence. The trial court denied the defendant's postconviction petition. In its order, the circuit court explained that while the defendant's crime was enhanced from a misdemeanor to a Class 4 felony because of his previous convictions for driving on suspended or revoked driver's licenses, it was his previous felony DUI conviction that was the basis for making him eligible for, and sentencing him to, an extended-term sentence.

¶ 8       The defendant then appealed the denial of his postconviction petition to this court, and OSAD was appointed to represent the defendant. OSAD filed a motion requesting leave to withdraw from its representation of the defendant because it does not believe there are any meritorious arguments that it can make on the defendant's behalf.

¶ 9       According to IDOC's website, the defendant has completed both his term of incarceration and his term of MSR.[1] Therefore, the relief sought by the defendant is no longer available.

¶ 10                              ANALYSIS

¶ 11      An issue on appeal is moot when the underlying facts have changed such that the court cannot grant relief. *In re Shelby R.*, 2012 IL App (4th) 110191, ¶ 16; *People v. Roberson*, 212 Ill. 2d 430, 435 (2004). In most cases, a challenge to a sentence that has been completely served is moot. *In re Shelby R.*, 2013 IL 114994, ¶ 14. But there are exceptions to the mootness doctrine. *In re Alfred H.H.*, 233 Ill. 2d 345 (2009).

¶ 12      If there are collateral consequences to the issue raised on appeal, an exception to the mootness doctrine may apply. *Id.* at 361-62. In *In re Alfred H.H.*, the court held that the collateral consequences doctrine applied to the propriety of an involuntary mental-health admission. *Id.* The court reasoned that a person appealing an involuntary admission, especially where no prior such admission existed, faced possible collateral consequences because, for

---

[1](https://www2.illinois.gov/idoc/offender/pages/inmateSearch.aspx (last visited Dec. 14, 2019)), of which we may take judicial notice (*Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 12).

example, such a record could impede a person's ability to work in certain fields. *Id.* Here, no such collateral consequences exist. It might be different if the appeal involved the defendant's underlying conviction. The existence or lack thereof can have significant implications in a person's life. But again, that is not the issue here. The sentence has been served, and we find no collateral consequences exist.

¶ 13   Another exception exists for issues that are capable of repetition but evade review due to the court's inability to resolve the issue before the cessation of the issue. *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). The capable-of-repetition exception cannot be invoked unless "there is a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* The defendant cannot satisfy this prerequisite. We will not presume that the defendant will be again convicted for the same crime, receive an extended-term sentence for that conviction, then file a postconviction petition challenging his sentence. There is no reasonable expectation of repetition.

¶ 14   Finally, a public-interest exception to the mootness doctrine may exist. Three elements must be met before such an exception can be invoked: (1) the question presented is of a public nature, (2) public officers are in need of authoritative guidance, and (3) it is likely the same issue will recur. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 12. The exception applies only when each element is established. *Id.* ¶ 13. There is no dearth of existing case law regarding extended-term sentencing. The second element of the public-interest exception is not met because there is no need for guidance of public officers; the case law concerning any argument the defendant could make is ample, so that exception does not apply.

¶ 15   The defendant's case is moot, and no exception to the mootness doctrine applies. This appeal is dismissed as moot. See *In re Marriage of Peters-Farrell*, 216 Ill. 2d 287 (2005).

4

¶ 16                              CONCLUSION

¶ 17   The defendant has served his entire sentence; therefore, this case is moot, and we must

dismiss the appeal.


¶ 18   Appeal dismissed.