NOTICE
Decision filed 02/21/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170419-U

NO. 5-17-0419

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 08-CF-470 |
| | ) | |
| MICHELLE RILEY, | ) | Honorable |
| | ) | Jennifer L. Hightower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Welch and Justice Overstreet concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's denial of the defendant's postconviction petition is affirmed because the circuit court's finding that the defendant did not prove a violation of her constitutional rights is not against the manifest weight of the evidence.

¶ 2    The defendant, Michelle Riley, appeals the circuit court's denial of her postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a motion to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). The defendant was given proper notice and granted an extension of time to file briefs, objections, or any other document supporting her appeal. The defendant filed a response. We considered OSAD's motion to withdraw as counsel on appeal and the defendant's response. We

1

examined the entire record on appeal and found no error or potential grounds for appeal. For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of Madison County.

¶ 3                                    BACKGROUND

¶ 4     On the day the defendant was scheduled to argue a motion to suppress statements she made to the police, she pleaded guilty to first-degree murder for torturing a woman to death. According to the factual basis for the plea, the defendant and others repeatedly shot the victim with a BB gun, scalded the victim with hot liquids and hot glue, causing extensive burns, and beat the victim and inflicted other physical trauma. At the time of death, the victim was five to six months pregnant. The defendant tortured the victim for as long as two months.

¶ 5     From the sentencing hearing we learn: The defendant was the ringleader of the many people who took part in the victim's torture. Some of the other torturers included the defendant's children; much of the time, a pot of boiling water was left on the stove, so they had something to throw on the victim. The victim was disabled. At the defendant's direction, the victim's clothing was burned, so she could not leave. The defendant took the victim's disability checks. The defendant treated the victim as a slave to perform household chores.

¶ 6     In exchange for the defendant pleading guilty to one count of first-degree murder, the remaining counts of the indictment were dismissed. Additionally, in exchange for her guilty plea the State agreed to a sentence between 30 and 45 years and to offer Leshele McBride, the defendant's daughter, a plea deal for second-degree murder. Prior to accepting her plea, in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 1997), the trial court properly admonished the defendant, including explaining that if convicted of first-degree murder she would be subject to a minimum sentence between 20 and 60 years. The court also explained that if

2

aggravating factors were proved, she would be sentenced to between 60 and 100 years' imprisonment, or ultimately, she could be subject to a term of life imprisonment. The defendant persisted in her decision to plead guilty, and the court accepted her plea.

¶ 7    The defendant did not file a direct appeal, opting instead to file a postconviction petition. The circuit court summarily dismissed the defendant's postconviction petition, but this court reversed and remanded the case for further proceedings. *People v. Riley*, 2013 IL App (5th) 110527-U. On remand, counsel was appointed, and counsel filed an amended postconviction petition. The defendant raised nine issues in her amended petition. Seven of those issues are claims that the defendant received ineffective assistance of counsel: (a) plea counsel did not tell her that she could have her motion to suppress heard before she pleaded guilty; (b) she would not have pleaded guilty had she known this; (c) plea counsel did not tell her she could call witnesses at trial; (d) plea counsel did not develop pertinent evidence regarding her case; (e) plea counsel did not review evidence with her or give her discovery; (f) plea counsel did not interview her daughter before the defendant pleaded guilty; and (g) plea counsel was unprepared. The remaining two issues are (1) twice, she was denied her right to counsel and (2) she is innocent.

¶ 8    The State's motion to dismiss the postconviction petition was denied and the petition advanced to a third-stage hearing. The only evidence presented was the testimony of plea counsel. He testified that he met with the defendant quite a few times, totaling 10 hours. The discovery for each of the people charged in this crime was in one file, so plea counsel was familiar with the State's case against each defendant, including McBride. Plea counsel did not argue the motion to suppress because the defendant decided to plead guilty after counsel explained the likely outcomes of her case. The evidence against all of the defendants was overwhelming. In addition, plea counsel spoke with McBride's attorney prior to the defendant pleading guilty. Plea counsel testified that

3

the defendant was an articulate, knowledgeable, and intelligent woman who understood the plea she was making. Plea counsel testified that he did not think that the defendant pleaded guilty to aid McBride but instead to get a cap on her sentence. He testified that the defendant would still have pleaded guilty without the State offering a plea deal for second-degree murder to McBride.

¶ 9    In a written order, the circuit court denied the defendant's postconviction petition. The court summarized the defendant's claims as: plea counsel failed to argue a motion to suppress; plea counsel failed to advise the defendant of her right to call witnesses; plea counsel failed to investigate and develop evidence favorable to her defense; plea counsel failed to meet with her and review the State's evidence with her; and plea counsel failed to interview McBride prior to entry of the plea. In regard to plea counsel not arguing the motion to suppress, the court found: plea counsel was not ineffective in choosing not to argue the motion to suppress, and even if plea counsel had argued the motion and won, the evidence was such that the defendant would still have been convicted.

¶ 10    Regarding the defendant's claim that plea counsel did not inform her that she could call witnesses on her behalf, the court found that the defendant provided no evidence to support this claim, and that even if the defendant had established that plea counsel was ineffective, she could not show that the outcome would have been different if plea counsel had told her she could call witnesses because the record makes clear that the circuit court explained the right to call witnesses to the defendant.

¶ 11    Regarding the defendant's claim that plea counsel failed to investigate the victim to learn facts such as that the victim had a high school diploma and pending criminal charges, the circuit court found that these facts were irrelevant to the charge of first-degree murder because at most they could be used to avoid sentencing enhancements, not as evidence against her having tortured

the victim to death. The circuit court concluded the defendant could not show that plea counsel's actions fell below an objective standard of reasonableness, that prejudice resulted, or that but for plea counsel's errors, the final result would have been different.

¶ 12    With regard to the defendant's allegations that plea counsel did not meet with her sufficiently or give her the discovery, the circuit court found that the evidence at the hearing did not support these allegations.

¶ 13    In regard to the claim that plea counsel did not meet with the defendant's daughter, the circuit court found that plea counsel did meet with the defendant's daughter's attorney and knew the strength of the State's case against her.

¶ 14    The circuit court denied the defendant's postconviction petition, and the defendant now appeals.

¶ 15                                ANALYSIS

¶ 16                             Controlling law

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) allows a person convicted of a crime to "assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution." *People v. Coleman*, 183 Ill. 2d 366, 379 (1998). Support for the claim must be attached to the petition in the form of "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2012). The Act provides a three-stage process for dealing with postconviction petitions. *People v. Tate*, 2012 IL 112214, ¶ 9. At the first stage, the court determines whether the petition is frivolous and patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). If the court does not dismiss the petition for failing to state the gist of a constitutional violation, the petition moves to second-stage proceedings. *Id.* At the second stage of

5

the proceeding, counsel may be appointed for an indigent defendant, and the State files an answer to the petition or a motion to dismiss. *Id.* A third-stage "hearing is required whenever the petitioner makes a substantial showing of a violation of constitutional rights." *Coleman*, 183 Ill. 2d at 381. At the third stage, "[f]act-finding and credibility determinations are made." *People v. Marshall*, 375 Ill. App. 3d 670, 675 (2007). At the third stage, the defendant must make "a substantial showing of a constitutional violation." *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). A circuit court's ruling on a postconviction petition following a third-stage evidentiary hearing will not be disturbed on review unless it is manifestly erroneous. *Id.* Finally, *res judicata* and waiver apply to claims in a postconviction petition, and they are valid bases for a trial court to dismiss a claim in a postconviction petition *sua sponte*. *People v. Blair*, 215 Ill. 2d 427, 442 (2005).

¶ 18    The defendant asserted that she received ineffective assistance of plea counsel. An allegation of a violation of the constitutional right to effective assistance of counsel is evaluated under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted in Illinois by *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). The standard has two prongs, both of which must be satisfied for a defendant to prevail on an ineffective-assistance-of-counsel claim. First, defendant must show that his "counsel's representation fell below an objective standard of reasonableness and that counsel's shortcomings were so serious as to deprive the defendant of a fair trial." (Internal quotation marks omitted.) *Albanese*, 104 Ill. 2d at 525. Second, defendant must show "that there is a reasonable probability that, but for plea counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* That is, she would not have pleaded guilty but for plea counsel's unprofessional errors. *People v. Hughes*, 2012 IL 112817, ¶ 63. A failure to satisfy either prong of the *Strickland* standard causes the allegation of ineffective assistance of

6

counsel to fail; the court need not address both prongs. See *Strickland*, 466 U.S. at 670. Where allegations of ineffective assistance of counsel survive to a third-stage hearing, we review the trial court's decision as a mixed question of fact and law. *Id.* at 698; *People v. Coleman*, 2015 IL App (4th) 131045, ¶ 66. We accept the trial court's findings of fact so long as they are not against the manifest weight of the evidence. But we review whether the facts found by the trial court prove ineffective assistance of counsel *de novo*. *Coleman*, 2015 IL App (4th) 131045, ¶ 66. A finding is against the manifest weight of the evidence only if it contains error that is clearly evident, plain, and indisputable. *People v. Hughes*, 329 Ill. App. 3d 322, 325 (2002).

¶ 19                                    Actual innocence

¶ 20    The defendant alleged that she was actually innocent and that she only pleaded guilty to get her daughter off. The defendant claimed that she would not have pleaded guilty had she been fully aware of the State's case against her daughter. We agree with OSAD that this claim is meritless.

¶ 21    "Substantively, in order to succeed on a claim of actual innocence, the defendant must present new, material, noncumulative evidence that is so conclusive it would probably change the result on retrial." *People v. Coleman*, 2013 IL 113307, ¶ 96. The defendant does not meet the *Coleman* standard: she provided no evidence that she claimed was noncumulative, new, or that would likely change the result. Plea counsel testified without contradiction that he had all the evidence against McBride and that it was overwhelming, that he did not believe that the defendant was induced to plead guilty because of McBride's jeopardy, and that she would have pleaded guilty even absent the plea offer for McBride.

¶ 22                              Denial of counsel

¶ 23    The defendant alleged that she was denied counsel despite requesting counsel during two separate interrogations. Generally, when an individual in custody requests counsel, all interrogation must stop until counsel has been made available to that individual pursuant to the procedure established by the United States Supreme Court in *Miranda v. Arizona* (384 U.S. 436 (1966)). *People v. Winsett*, 153 Ill. 2d 335, 348 (1992). The defendant provided no evidence at the third-stage hearing showing that she was denied the right to counsel. Moreover, by virtue of her guilty plea, this issue was waived. "It is well established that a voluntary guilty plea waives all nonjurisdictional errors or irregularities, including constitutional ones." *People v. Townsell*, 209 Ill. 2d 543, 545 (2004).

¶ 24                    Ineffective assistance: motion to suppress

¶ 25    The defendant claimed that plea counsel never told her that she could have her motion to suppress heard and then change her plea, and that she would not have pleaded guilty had she known this. The question is whether plea counsel's decision not to argue the motion to suppress was ineffective assistance of counsel.

¶ 26    "[A] defendant may enter a plea of guilty because of some erroneous advice by his counsel; however, this fact alone does not defeat the voluntary nature of the plea. [Citation.] Whether a plea of guilty is unintelligent and vulnerable depends not on whether a court would retrospectively consider counsel's advice to be right or wrong, but whether that advice was within the range of competence demanded of attorneys in criminal cases." *People v. Palmer*, 162 Ill. 2d 465, 474-75 (1994).

¶ 27    The decision whether to file a motion to suppress is generally "a matter of trial strategy which will be accorded great deference." *People v. Wilson*, 164 Ill. 2d 436, 454-55 (1994). The

8

defendant introduced no evidence that the motion to suppress had any merit. Moreover, plea counsel testified without contradiction that he informed the defendant of her options and that it was more likely than not that she would have pleaded guilty even if the motion to suppress was granted because the evidence against her was so great. Also, by pleading she avoided the potential of a far greater sentence. The circuit court did not err in finding that the plea counsel was not ineffective in not arguing the motions to suppress.

¶ 28                    Ineffective assistance: not informed she could call witnesses

¶ 29    Next the defendant claims that she received ineffective assistance of counsel because plea counsel did not inform her that she could call witnesses at trial. At no point, however, did she identify the witnesses she would have called or the testimony they would have given. Moreover, as the circuit court noted, the record shows that the trial court admonished the defendant that by pleading guilty she was giving up the right to call witnesses. Thus, the record shows the defendant was aware that she had the right to call witnesses.

¶ 30                          Ineffective assistance: did not develop facts

¶ 31    The defendant also alleged that she received ineffective assistance of counsel because plea counsel did not develop evidence that she believes would have helped her case. The defendant claimed that had plea counsel been more diligent, he could have discovered that the victim was facing criminal charges and had a high school diploma. Even if true, neither of these purported facts has any relevance to the offense to which the defendant pleaded guilty. The defendant also noted that the victim had her own exit from the house where she was tortured. This, again, does not change the fact that the defendant tortured and killed the victim.

¶ 32                    Ineffective assistance: failure to share discovery

¶ 33    Next, the defendant argued, she received ineffective assistance of counsel because plea counsel did not spend sufficient time with her or go over the discovery with her. "The sixth amendment requires that defense counsel keep defendant informed of developments in the case and consult with him on all major decisions to be made." *People v. Smith*, 268 Ill. App. 3d 574, 579 (1994). But "[t]rial counsel's decision whether to provide his client with discovery materials constitutes a matter of trial strategy and judgment that ultimately lies within counsel's discretion. Counsel might well think it not helpful for the defendant to read the discovery materials." *People v. Davison*, 292 Ill. App. 3d 981, 988-89 (1997). Matters of trial strategy will not support a claim of ineffective assistance of counsel unless counsel's chosen strategy is so unusual that counsel essentially failed to conduct any meaningful adversarial testing of the State's case. *People v. Brown*, 2018 IL App (4th) 160288, ¶ 47. The record in the present case does not support such a claim. Moreover, the defendant failed to explain how anything in the discovery would have changed her plea decision. As far as whether plea counsel met sufficiently with the defendant, we find the trial court's reliance on the plea counsel's testimony is not manifestly erroneous. Insomuch as the lack of discovery provided to the defendant relates to the claim about her knowledge of her daughter's case, we discuss that now.

¶ 34                    Ineffective assistance: failure to interview

¶ 35    The defendant argued that plea counsel did not interview McBride prior to the defendant's guilty plea. At the hearing, plea counsel, without contradiction, testified that he spoke with McBride's attorney and reviewed all of the discovery in McBride's case. Plea counsel then discussed the plea agreement with the defendant. Plea counsel also testified that the main reason the defendant pleaded guilty was that she would have a sentencing cap and the possibility of a

lower sentence along with the lower sentence for her daughter. The circuit court's rejection of this claim is not manifestly erroneous.

¶ 36                                    CONCLUSION

¶ 37    The circuit court properly denied the defendant's postconviction claims. Therefore, we grant OSAD's motion to withdraw and affirm the decision of the circuit court of Madison County.


¶ 38    Motion granted; judgment affirmed.