NOTICE

Decision filed 02/08/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 200214-U

NO. 5-20-0214

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 09-CF-1163 |
| | ) | |
| ELIJAH BRANCH, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Barberis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the circuit court properly denied defendant's motion for leave to file a subsequent postconviction petition because defendant failed to show prejudice, appointed counsel's motion to withdraw as counsel on appeal is granted and the circuit court's judgment is affirmed.

¶ 2    Defendant, Elijah Branch, appeals the circuit court's denial of his petition seeking leave to file a successive postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD filed a motion seeking to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). Defendant was given proper notice but did not file a response. After examining OSAD's motion to withdraw as counsel and the entire record on appeal,

1

we find no error or potential grounds for appeal, grant OSAD's motion to withdraw, and affirm the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4     Following a jury trial, defendant was convicted of first degree murder (720 ILCS 5/9-1(a)(1) (West 2008)). At sentencing, the State sought a sentence of 40 years' imprisonment while defendant sought the minimum statutory sentence of 20 years. Finding neither the minimum nor maximum sentence appropriate, the circuit court sentenced defendant to 33 years' imprisonment.

¶ 5     This court affirmed defendant's sentence and conviction. *People v. Branch*, 2013 IL App (5th) 110188-U. We also affirmed the summary dismissal of his initial postconviction petition (*People v. Branch*, 2016 IL App (5th) 130477-U) and the dismissal of his petition for postjudgment relief (*People v. Branch*, No. 5-17-0426 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c))).

¶ 6     On May 15, 2020, defendant filed a petition for leave to file a successive postconviction petition. Citing *Alleyne v. United States*, 570 U.S. 99 (2013), defendant argued the circuit court impermissibly increased the minimum sentence to which he was subject based on factors that were never submitted to and found by the jury. Defendant alleged that he only became aware of the *Alleyne* case after the summary dismissal of his initial postconviction petition and the attorney who represented him on appeal from that dismissal declined to raise the issue, explaining that an issue not raised in the circuit court could not be raised on appeal. The circuit court denied leave and this appeal followed.

¶ 7                                    ANALYSIS

¶ 8     The Post-Conviction Hearing Act (Act) provides a remedy to criminal defendants who demonstrate a substantial violation of their constitutional rights. 725 ILCS 5/122-1 *et seq.* (West

2

2018). The Act only contemplates the filing of one petition. *People v. Edwards*, 2012 IL 111711, ¶ 22. Accordingly, successive postconviction petitions are disfavored and cannot be filed without first obtaining leave of court. 725 ILCS 5/122-1(f) (West 2018); *Edwards*, 2012 IL 111711, ¶ 29. Leave will only be granted if the petitioner demonstrates cause for failing to bring the claim in the initial postconviction proceedings and resulting prejudice. 725 ILCS 5/122-1(f) (West 2018); *Edwards*, 2012 IL 111711, ¶ 22.

¶ 9 "The cause-and-prejudice test, like the test for ineffective assistance of counsel [citation], is composed of two elements, both of which must be met in order for the petitioner to prevail." *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002). The requirement to show cause and prejudice applies to each individual claim, not to the petition as a whole. *Id.* at 462. Cause is an objective factor external to the defense that impeded the petitioner from timely raising the claim. *Id.* at 460. Prejudice is a claim of a constitutional error that so infected the proceedings that the resulting conviction violated due process. *People v. Williams*, 392 Ill. App. 3d 359, 366 (2009).

¶ 10 Where the petitioner could not have succeeded on a claim had it been included in his initial postconviction petition, he cannot show prejudice. *People v. Smith*, 341 Ill. App. 3d 530, 540-41 (2003); *Pitsonbarger*, 205 Ill. 2d at 469-70 (no prejudice where the petitioner would not have been entitled to an evidentiary hearing, even if the claim had been raised in the initial postconviction petition). Leave to file a successive petition should be denied if the claims fail as a matter of law or the supporting documentation is insufficient to justify further proceedings. *People v. Smith*, 2014 IL 115946, ¶ 35. This court reviews *de novo* the denial of a motion for leave to file a successive postconviction petition. *People v. Gillespie*, 407 Ill. App. 3d 113, 124 (2010).

¶ 11 In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

3

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Subsequently, in *Alleyne*, the Supreme Court extended the rule enunciated in *Apprendi* to encompass facts that increased the statutory minimum. *Alleyne v. United States*, 570 U.S. 99, 102 (2013).

¶ 12    We agree with OSAD that defendant failed to establish the prejudice element of the cause-and-prejudice test because his *Alleyne* claim is substantively meritless. The circuit court did not increase the statutorily prescribed minimum sentence for the offense of which defendant was convicted. While it sentenced defendant to a sentence greater than the statutory minimum, it did not do so because some fact raised the statutory minimum. Rather, in the exercise of its discretion, the court found the imposition of the minimum sentence was inappropriate based on its application of various factors in aggravation. The Supreme Court said in *Alleyne*, "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment." *Id.* at 116. Because the defendant could not have prevailed on this issue had it been brought in his first postconviction petition, he cannot show prejudice. Consequently, no meritorious argument can be made that the circuit court erred in denying him leave to file a successive postconviction petition.

¶ 13                                        CONCLUSION

¶ 14    For the foregoing reasons, we grant appointed counsel's motion for leave to withdraw as counsel on appeal and affirm the judgment of the circuit court.


¶ 15    Motion granted; judgment affirmed.