NOTICE

Decision filed 03/01/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210355-U

NO. 5-21-0355

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 13-CF-986 |
| | ) | |
| JAMES A. STEELE, | ) | Honorable |
| | ) | Neil T. Schroeder, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where no meritorious argument can be made that the circuit court erred in finding the defendant's postconviction claim of ineffective assistance of appellate counsel to be frivolous and patently without merit, appointed counsel's motion to withdraw as counsel on appeal is granted, and the circuit court's order dismissing the defendant's postconviction petition is affirmed.

¶ 2    The defendant, James A. Steele, appeals the circuit court's denial of his postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent him. OSAD filed a motion seeking to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). The defendant was given proper notice and granted an extension of time to file briefs, objections, or any other document supporting his appeal. The defendant filed a response. We considered OSAD's motion to withdraw as counsel on appeal as well as the defendant's response.

1

We examined the entire record on appeal and found no error or potential grounds for appeal. For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of Madison County.

¶ 3                                  BACKGROUND

¶ 4    A jury found the defendant guilty of two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2012)), and the circuit court sentenced him to two consecutive 20-year terms of imprisonment. There were only two African Americans among the venire. The first was dismissed because he lied during *voir dire*. The second was Ms. Nicholson. When the State used a peremptory challenge to strike Nicholson, defense counsel raised a *Batson* challenge (see *Batson v. Kentucky*, 476 U.S. 79 (1986)). After finding that the defense had made a *prima facie* showing of purposeful discrimination and hearing the State's race-neutral reason for striking Nicholson, the circuit court found that no *Batson* violation had occurred.

¶ 5    On direct appeal, OSAD, which had been appointed to represent the defendant, filed a motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking leave to withdraw as counsel because it had concluded that there were no meritorious issues to raise on the defendant's behalf. In its motion, OSAD explained that no meritorious argument could be made that a *Batson* violation had occurred during jury selection. This court agreed, stating:

> "After the trial court found that the defendant had made a *prima facie* showing of discrimination, the State explained that it challenged Nicholson because she was young, she had little life experience, and no experience with children. The trial court considered the State's stated reasons and the defendant's arguments and decided that the State's challenge was not made for discriminatory reasons. We cannot say that the trial court's decision was clearly erroneous. Experience with children would be important where Deanna, who was eight when she testified and five when she was abused, was going to testify, and her testimony was going to be pivotal in the case. We also accept that a more mature juror might be more receptive to the State's case." *People v. Steele*, 2020 IL App (5th) 160390-U, ¶ 32.

2

¶ 6 The defendant subsequently filed a postconviction petition alleging that OSAD had failed to provide effective assistance of counsel on direct appeal because it did not argue that a *Batson* violation occurred. The circuit court summarily dismissed the petition as clearly frivolous and patently without merit because the *Batson* claim had already been rejected by the appellate court.

¶ 7 We allowed the defendant to file a late notice of appeal. As noted above, OSAD, which once again represents the defendant, has filed a motion seeking leave to withdraw because it has determined that there are no meritorious arguments to raise on appeal.

¶ 8                                    ANALYSIS

¶ 9 The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2020)) allows a person convicted of a crime to "assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Coleman*, 183 Ill. 2d 366, 379 (1998). The Act provides a three-stage process for dealing with postconviction petitions. *People v. Tate*, 2012 IL 112214, ¶ 9. At the first stage, the court determines whether the petition is frivolous or patently without merit. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). The circuit court dismisses the petition *sua sponte* if it determines that "the petition is frivolous or is patently without merit." (Internal quotation marks omitted.) *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). The circuit court has 90 days from the filing of the petition to review the petition and dismiss it *sua sponte* if it makes no claims that are not frivolous or patently without merit. *Id*. In making this initial review, the circuit court is to have no input from the State. *Id*. at 10-11. *Res judicata* and waiver apply to claims in a postconviction petition, and they are a valid basis for a circuit court to dismiss a postconviction petition *sua sponte*. *People v. Blair*, 215 Ill. 2d 427, 442 (2005). The doctrine of *res judicata* bars consideration of issues that were previously raised and decided on direct appeal. *People v. West*, 187 Ill. 2d 418, 425 (1999); accord

3

Black's Law Dictionary 1336-37 (8th ed. 2004) ("*res judicata* is an issue that has been definitively settled by judicial decision").

¶ 10      An allegation of a violation of the constitutional right to effective assistance of counsel is evaluated under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted in Illinois by *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). The standard has two prongs, both of which must be satisfied for a defendant to prevail on an ineffective-assistance-of-counsel claim. *Id.* at 525. First, defendant must show that his "counsel's representation fell below an objective standard of reasonableness and that counsel's shortcomings were so serious as to deprive the defendant of a fair trial." (Internal quotation marks omitted.) *Id.* Second, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.*

¶ 11      At the first stage of postconviction proceedings, a petition alleging ineffective assistance of counsel must only meet a reduced threshold—the petition may not be summarily dismissed if "(i) it is *arguable* that counsel's performance fell below an objective standard of reasonableness and (ii) it is *arguable* that the defendant was prejudiced." (Emphases in original and internal quotation marks omitted.) *Tate*, 2012 IL 112214, ¶ 19. The reviewing court can address these requirements in either order. *Albanese*, 104 Ill. 2d at 527. A failure to satisfy either prong of the *Strickland* standard causes the allegation of ineffective assistance of counsel to fail; the court need not address both prongs. See *Strickland*, 466 U.S. at 670.

¶ 12      Here, the defendant's postconviction petition argued that appellate counsel provided ineffective assistance of counsel for not arguing that a *Batson* violation occurred in the jury selection process of his trial. Because we determined on direct appeal that no meritorious argument

4

could be made that the circuit court clearly erred in determining that no *Batson* violation occurred (*Steele*, 2020 IL App (5th) 160390-U, ¶ 32), it cannot be argued that appellate counsel's refusal to raise the *Batson* issue was objectively unreasonable or that the defendant was prejudiced thereby because *res judicata* precluded relitigation of the issue in a postconviction petition. We agree with OSAD that no meritorious argument can be made that the circuit court erred in summarily dismissing the defendant's postconviction petition.

¶ 13     We also agree with OSAD that the circuit court's summary dismissal of the postconviction petition was procedurally proper. The circuit court determined that the defendant's postconviction petition was frivolous and patently without merit and dismissed it approximately two months after it was filed, well within the 90-day period required by section 122-2.1(a) of the Act (725 ILCS 5/122-2.1(a) (West 2020)), and the record does not reveal any input by the State.

¶ 14                                      CONCLUSION

¶ 15     For the foregoing reasons, we grant OSAD's motion to withdraw as counsel and we affirm the judgment of the circuit court.


¶ 16     Motion granted; judgment affirmed.

5