NOTICE

Decision filed 12/19/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-16-0002

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Union County. |
| | ) | |
| v. | ) | No. 00-CF-31 |
| | ) | |
| BRIAN C. ROE, | ) | Honorable |
| | ) | Mark M. Boie, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    The defendant, Brian Roe, appeals the denial of his motion to withdraw his guilty plea, which he filed pursuant to the circuit court's grant of postconviction relief. The Office of the State Appellate Defender (OSAD) has been appointed to represent Roe. OSAD has filed a motion to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). Roe was given proper notice and granted an extension of time to file briefs, objections, or any other document supporting his appeal. He has filed a response. We have considered OSAD's motion to withdraw as counsel on appeal, as well as Roe's response thereto. We have examined the entire record and found no error or potential grounds for

1

appeal. For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of Union County.

¶ 2    Roe was charged with two counts of aggravated criminal sexual abuse and six counts of criminal sexual assault. Patrick J. Cox, the Union County Public Defender, was appointed to represent him. Cox personally interviewed all of the State's witnesses. He filed numerous pretrial motions, including a motion to suppress Roe's statement to police. None of these motions were successful. The State filed a motion to disqualify Cox on the basis that numerous felony charges had been filed against him. The court never ruled on the State's motion and Cox continued to represent Roe.

¶ 3    Shortly before trial Roe entered a negotiated plea of guilty to criminal sexual abuse in exchange for a sentence of 24 months' probation. The State further agreed to dismiss charges in two pending cases and to forego charging or prosecuting Roe based on allegations in other unrelated incidents. He did not file a motion to withdraw the plea at that time or take an appeal. The State subsequently filed a petition to revoke Roe's probation because he failed to register as a sex offender. Roe admitted the violation. His probation was revoked, and he was sentenced to 30 months' imprisonment. Roe did not appeal the revocation of his probation.

¶ 4    While still incarcerated Roe filed a postconviction petition. Counsel was appointed to represent him, and counsel amended the postconviction petition several times. In his fourth amended postconviction petition Roe argued that the circuit court failed to properly admonish him of his appeal rights in accordance with Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001) and that he had been denied his constitutional right to the effective assistance

2

of counsel where Cox (1) failed to fully investigate his case, (2) failed to properly file, investigate, and ague motions, (3) failed to advise Roe that he would be required to register as a sex offender or of the consequences of pleading guilty to a sexual offense, and (4) was facing criminal charges at the time he was representing Roe. The State filed an answer to Roe's fourth amended postconviction petition and the postconviction court set the matter for an evidentiary hearing.

¶ 5 Following that hearing, the postconviction court found that the circuit court had failed to substantially comply with Rule 605. The postconviction court then admonished Roe in accordance with Rule 605, granted Roe leave to file a motion to withdraw the guilty plea, and appointed counsel to assist him.

¶ 6 Roe thereafter filed a motion to withdraw his guilty plea reiterating the ineffective assistance claims that he had pled in his fourth amended postconviction petition. Specifically, Roe alleged that Cox (1) failed to advise him that he would be required to register as a sex offender and of the onerous requirements of complying with sex offender registration, (2) failed to investigate and take photographs of the crime scene, and (3) failed to interview material witnesses. Roe further alleged that the evidence against him was "weak" and but for Cox's deficient performance he would have proceeded to trial.

¶ 7 At the hearing on the motion Roe testified that he was "unhappy" with counsel's investigation of his case because counsel did not view or take pictures of the crime scene, and because "alleged DNA" evidence was supposed to have been collected but was not. He further testified that Cox did not advise him that he would have to register as a sex offender as a result of pleading guilty, of the requirements of registration, or the

3

consequences of being a registered sex offender. Had he known, he claimed, he would have gone to trial. On cross-examination Roe acknowledged signing the written sentencing order that included as a term "register as a sex offender w/ ISP," but claimed that he signed it at counsel's direction without reading it. Roe also acknowledged going to Probation Services the same day he pled guilty and registering as a sex offender.

¶ 8     A. John Bigler testified that he had been the State's Attorney for Union County from 2000 to 2004 and had prosecuted Roe. Bigler identified the sentencing order he had prepared, noting that it required Roe to "[r]egister as a sex offender w/ ISP." Bigler testified that immediately before the plea hearing he met with Roe and defense counsel, and they discussed the terms of the plea. He specifically advised them that Roe would be required to register as a sex offender.

¶ 9     Scott Havel, the sheriff of Union County, testified that he had been the lead investigator in Roe's case. Havel interviewed Roe twice and during the second interview Roe admitted fondling the victim's breasts and vagina.

¶ 10    Attorney Cox did not testify. Postconviction counsel indicated that he had made numerous unsuccessful attempts to contact Cox.

¶ 11    At the conclusion of the hearing the circuit court granted the parties leave to file written arguments, which they did. In his written argument submitted to the court Roe argued that "there was a lack of any physical evidence" and that but for counsel's alleged unprofessional errors he "would not have pleaded guilty and instead would have proceeded to trial."

4

¶ 12    The court subsequently denied Roe's motion to withdraw his plea in a very comprehensive seven-page order. The court first rejected Roe's ineffective assistance of counsel claims. The court found that the record rebutted Roe's claim that Cox failed to investigate and litigate his case, noting that Cox had attended numerous pretrial hearings and had filed numerous motions, including a motion to suppress Roe's confession, which had been denied after a lengthy hearing at which Cox called several witnesses on Roe's behalf. The court rejected Roe's claim that he had not been advised prior to pleading guilty that he would be required to register as a sex offender, finding his testimony to the contrary "self-serving, not believable, and completely refuted" by the record. Finally, the court found that the pending criminal charges against Cox had not adversely affected his representation of Roe.

¶ 13    In denying Roe's motion to withdraw his guilty plea, the court found that no meritorious defenses existed at the time of the plea and that Roe had failed to set forth any plausible defense other than his own "unbelievable" testimony. The court noted that had Roe gone to trial and been found guilty on all eight charges he was facing he would have been sentenced to between 15 and 30 years' imprisonment. The court further noted that a conviction was likely given that Roe had given a statement in which he admitted molesting the victim and his motion to suppress this statement had been denied after a lengthy hearing. The court stated that to characterize the plea agreement as a "sweetheart deal" was a "complete understatement."

¶ 14    The court concluded that Roe had failed to establish that he entered his guilty plea under any misapprehension of the facts or the law, failed to establish that there was any

5

doubt as to his guilt or any meritorious defense, or that the ends of justice would be better served by allowing him to withdraw his plea and go to trial. Roe appeals.

¶ 15 We begin by clarifying that Roe is not appealing the denial of his postconviction petition. Rather, he is appealing the denial of his motion to withdraw his guilty plea that was filed after the circuit court granted relief on his postconviction petition.

¶ 16 It is well-settled that a defendant does not have an absolute right to withdraw his or her guilty plea. *People v. McIntosh*, 2020 IL App (5th) 170068, ¶ 36. Withdrawal should be allowed where (1) the defendant pled guilty because of a misapprehension of the law or the facts, (2) where there is doubt as to the defendant's guilt, or (3) the ends of justice would best be served by a trial. *People v. Owens*, 2021 IL App (2d) 190153, ¶ 35 (citing *People v. Hughes*, 2012 IL 112817, ¶ 32). A circuit court's ruling on a motion to withdraw a guilty plea is reviewed for an abuse of discretion (*id*.).

¶ 17 Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and adopted by the supreme court in *People v. Albanese*, 104 Ill. 2d 504, 525-26 (1984). To prevail under *Strickland*, a defendant must demonstrate that counsel's performance was deficient, and that the deficient performance so prejudiced the defendant that he was denied a fair trial. *People v. Cordell*, 223 Ill. 2d 380, 385 (2006). More specifically, the defendant must demonstrate (1) that counsel's performance was objectively unreasonable under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Harris*, 225 Ill. 2d 1, 20 (2007). A reasonable probability that the result of the proceeding

6

would have been different is a probability sufficient to undermine confidence in the outcome of the proceeding. *People v. Colon*, 225 Ill. 2d 125, 135 (2007). In the context of a guilty plea, demonstrating prejudice requires a defendant to show that but for counsel's errors he or she would not have pleaded guilty and would have insisted on going to trial. *People v. Valdez*, 2016 IL 119860, ¶ 29 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A conclusory allegation that but for counsel's deficient representation the defendant would have insisted on going to trial instead of pleading guilty is insufficient. *Id.*; *People v. Rissley*, 206 Ill. 2d 403, 458 (2003). Instead, the defendant's claim that counsel's performance was deficient must be accompanied by a claim of innocence or the articulation of a plausible defense that could have been raised at trial. *Id.* at 459-60. The question of whether counsel's deficient representation caused the defendant to plead guilty largely depends on predicting whether the defendant likely would have prevailed at trial. *People v. Pugh*, 157 Ill. 2d 1, 15 (1993) (citing *Hill*, 474 U.S. at 59).

¶ 18 Because a defendant's ineffective-assistance-of-counsel claim will fail if either prong of the *Strickland* test is not met, a reviewing court need not determine whether counsel's performance was deficient before determining whether he was prejudiced. *People v. Perry*, 224 Ill. 2d 312, 342 (2007). There is a strong presumption that counsel's action or inaction was a matter of trial strategy (*People v. Evans*, 186 Ill. 2d 83, 93 (1999)), and matters of trial strategy will not support a claim of ineffective assistance of counsel unless counsel's strategy is so unsound that he entirely fails to conduct any meaningful adversarial testing of the State's case. *People v. Patterson*, 217 Ill. 2d 407, 441 (2005).

7

¶ 19    No meritorious argument can be made that the circuit court abused its discretion in denying Roe's motion to withdraw his guilty plea.  First, Roe's ineffective assistance of counsel claims must fail because there is no reasonable probability that, but for Cox's alleged errors, Roe would have gone to trial instead of pleading guilty.  Roe was charged with two Class 2 felonies and six Class 1 felonies.  Had he gone to trial and been convicted he would have undoubtedly faced a lengthy prison sentence.  Instead, he pled guilty to one Class 4 felony and received a sentence of 24 months' probation.  The State also agreed to dismiss charges in two other cases and to not charge or prosecute Roe based on allegation in several other unrelated incidents.  As the circuit court aptly found, calling this a "sweetheart" deal is an "understatement."  Moreover, Roe gave a statement to police admitting that he fondled the victim's breasts and vagina (acts that were the bases of the two aggravated criminal sexual abuse charges), and this statement would almost certainly been admitted at trial given that counsel's attempt to suppress this statement was unsuccessful.  It is unlikely that he would have prevailed at trial.

¶ 20    Roe's guilty plea was not based upon a misapprehension of the facts or law.  As the circuit court found, Roe's claim that he was unaware that pleading guilty would require him to register as a sex offender is not credible, and there is no doubt as to his guilt given that he admitted committing the act that was the basis of the offense for which he was convicted (fondling the victim's breast).

¶ 21    For the foregoing reasons and pursuant to Illinois Supreme Court Rule 23(c)(2) (eff. Feb. 1, 2023), we grant OSAD's motion to withdraw as counsel and we affirm the judgment of the circuit court of Union County.

¶ 22    Motion granted; judgment affirmed.