(No. 40840.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WAVERY SMITH, Appellant.

*Opinion filed Sept. 22, 1970.—Rehearing denied Dec. 3, 1970.*

KLUCZYNSKI and WARD, JJ., took no part.

ANTHONY J. FORNELL, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL SCOTT CISNEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURT delivered the opinion of the court:

By a jury verdict returned in the circuit court of Cook County on September 27, 1963, defendant, Wavery Smith, was found guilty of the crime of rape which occurred on June 5, 1963. A sentence of 30 to 40 years imprisonment was imposed. An appeal from that judgment was taken to the appellate court where the grounds for reversal urged were that the evidence did not establish guilt beyond a reasonable doubt; that defendant did not receive a fair trial and that the court committed reversible error in refusing to give a certain instruction. The appellate court affirmed. *People* v. *Smith,* 58 Ill. App. 2d 123.

The present appeal is from an order of the circuit court of Cook County dismissing Smith's post-conviction petition on a motion of the State's Attorney without a plenary hearing. The motion alleged that the petition raised no constitutional questions within the purview of the Post-Conviction Hearing Act and that the doctrine of *res judicata* applies to all questions presented which were considered and

passed upon by the appellate court. The judge who heard the motion in the post-conviction case had also presided at the original trial. The report of proceedings in the post-conviction case shows that the judge recalled the trial for rape and was familiar with the record as it applied to questions sought to be raised in the later proceedings.

It is urged on this appeal that defendant was not proved guilty beyond a reasonable doubt because of the improbability that a rape actually occurred and the discrepancies found in the accounts of certain witnesses. Not only do these contentions fail to present a constitutional issue, they were raised in the appellate court and thoroughly considered and passed upon by that court in its opinion. The facts as shown in the record are fully stated by the appellate court and need not be repeated here. We agree with that court's analysis and evaluation of the evidence. Where one convicted of a crime has taken an appeal from the judgment of conviction on a complete record the judgment of the reviewing court is *res judicata* as to all issues actually decided by that court when the same questions are sought to be raised in a post-conviction hearing. *People* v. *Bright,* 42 Ill.2d 331, 334; *People* v. *Kamsler,* 39 Ill.2d 73, 74.

Smith also contends that he did not receive a fair trial in that the State failed to produce exculpatory evidence and that the conduct of the prosecutor was prejudicial. The opinion of the appellate court shows that these matters were also considered and passed upon but they are now sought to be presented in somewhat altered form in an effort to give them constitutional dimension and import violation of the requirements of due process.

The record in the rape trial shows that shortly after his arrest defendant's pants and under shorts were taken from him and sent to the crime laboratory for examination. These articles were never offered in evidence at the trial nor were any reports made as to analysis or findings. Defendant argues that failure by the State to produce any evidence in

this regard raises a presumption that it was favorable to the defense and that the suppression of this evidence by the State violated due process. In support of his position defendant cites *Brady* v. *Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194; *Napue* v. *Illinois,* 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173, and *Giles* v. *Maryland,* 386 U.S. 66, 17 L. Ed. 2d 737, 87 S. Ct. 793. We believe none applicable here.

In this case, as the appellate court observed, the evidence was equally accessible to both parties. Defendant knew that his shorts and pants had been sent to the crime laboratory for examination. He had the right and the opportunity, had he desired to do so, to demand that they be produced in court together with any laboratory reports or findings resulting from that examination. Having failed to do so, he cannot now be heard to contend that the prosecution is guilty of deliberate suppression of evidence favorable to him which was in its exclusive possession and control.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

KLUCZYNSKI and WARD, JJ., took no part in the consideration or decision of this case.