THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *v.* RONALD E. PORTIS, Appellee.

(No. 55328; ▮▮▮▮▮▮▮▮▮▮)

First District—March 3, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Joseph Romano, Assistant State's Attorneys, of counsel,) for the People.

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal by the State pursuant to Supreme Court Rule 604(a) (Ill. Rev. Stat. 1967, ch. 110A, par. 604(a)), of the trial court's order to quash a search warrant and suppress evidence seized thereunder. The State's sole contention on appeal is that the warrant is sufficient on its face to establish probable cause and the court therefore erred in quashing the warrant.

On May 2, 1970, Officer Ollie Cotton submitted the following affidavit in support of his complaint for a search warrant:

The complainant is a police officer assigned to the 003rd. District

vice unit on the 30th April 1970 I was advised of the following facts from a reliable informant who has given me good and reliable information in the past and it has led to the arrest of several persons involved in narcotics, whereas we have one conviction and one bond forfeiture warrant and two cases pending in the Circuit Court of Cook County. He stated to me that a man named Ronnie who works at 425 East 71st St., Chicago, Illinois (1st floor store). As a cook he sells small bags of marijuana and pills from the restaurant. He knows this because he has bought some marijuana from him on the 29th, April 1970. From certain observation it is believed by the complainant that there is a narcotic violation being carried on at this location.

The warrant issued on the same day and pursuant thereto marijuana and heroin were seized. The defendant was subsequently indicted for possession of marijuana and heroin in violation of Ill. Rev. Stat. 1969, ch. 38, par. 22—3.

Defendant filed a pre-trial motion to quash the warrant. Paragraph 4 of said motion alleged the following:

"That the warrant is based upon information given by an informer, whose reliability is not sufficiently established in the complaint for search warrant."

The subsequent proceedings on the motion to quash revolved around this issue. The gist of defendant's argument was summarized by his defense counsel as:

"It would be my contention  *  *  *, that reliability has not sufficiently been established; that merely because an informer has given information which resulted in one person being convicted and one bond forfeiture and a couple of cases pending, that does not show that he is reliable in regard to the legal definition of reliability."

The State's Attorney subsequently stated that he understood defendant's argument to relate entirely to paragraph 4 of his motion, set forth *supra*.

The court quashed the warrant stating that the reliability of the informant had not been shown by the facts stated in the affidavit. The judge felt that the warrant should have stated the numbers and names of the cases as to which the informant's previous information had led to conviction or pending prosecutions. He made the following comment:

"The question that has bothered me and continues to bother me, until somebody shows me a satisfactory explanation, is why it is really not possible to just add the additional language in here of. 'We had had one conviction and that is *People v. John Doe*,' or whatever the name of the case is.

You [referring to the State's Attorney] contend this might disclose the informant. I say it's difficult to understand your reasoning \* \* \*." *People v. Parker*, 42 Ill.2d 42, 245 N.E.2d 487, was cited in support of the ruling.

The State argues that the affidavit shows that there were "some \* \* \* underlying circumstances from which the officer concluded that the informant, \* \* \* was 'credible' *or* his information 'reliable.'" (Emphasis supplied.) (*Aguilar v. Texas*, 378 U.S. 108, 114.) The affidavit set forth that the informant was reliable since he had given the affiant reliable information in the past which led to one conviction and other arrests; two of these cases were still pending and in another there had been a bond forfeiture. These allegations are sufficient against a motion to quash the warrant. *People v. Ranson*, (Ill.App. First Dist. No. 55387), (N.E.2d).

In *People v. Ranson, supra*, the affidavit submitted in support of the warrant stated that the informant had given the affiant "information in the past which resulted in convictions and arrests pertaining to narcotics cases made by me." In holding that the above language was sufficient to uphold the warrant, the court stated:

"Unlike the affidavit in *Aguilar* [*Aguilar v. Texas, supra*] which contained the naked assertion that the informant was credible, or the recital in *Spinelli* [*Spinelli v. United States* (1969), 393 U.S. 410] that the Government learned from a 'reliable informant' that Spinelli was operating a handbook and accepting wagers, the complaint in the present case was bolstered by the affiant's statement that information supplied by the informant had led to arrests and convictions in narcotic cases. The substantiation of the informant's reliability met the test required by Illinois law. In *People v. Williams* (1967), 36 Ill.2d 505, 224 N.E.2d 225, *cert.* denied (1967), 389 U.S. 828, the court found corroboration unnecessary where sufficiently detailed observations of reliable informers were presented in the affidavit. Reliability was established in *Williams* by the sole allegation that the informers 'had furnished reliable information in the past.'"

In *People v. Brian Cook*, (Ill.App. First Dist. No. 55359), 273 N.E.2d 261, the court found the informant reliable on the basis of his affidavit that he had furnished information which led to one conviction, one complaint stricken with leave to reinstate, and a third pending case.

*People v. Parker*, 42 Ill.2d 42, 245 N.E.2d 487, relied on by the trial court, is not authority for quashing the instant warrant. In *Parker* the affidavit stated that "[the complainant] has been informed by an informant who has previously given information to said complainant which

proved to be true * * *." As the court noted in *People v. Ranson, supra,* this allegation was merely a general averment of reliability unsubstantiated by the type of specificity contained in the instant affidavit. The order quashing the warrant is reversed and the cause remanded.

Reversed and remanded.

LORENZ, P. J., and ENGLISH, J., concur.