THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE LEWIS, Defendant-Appellant.

(No. 57591; ▮▮▮▮▮▮▮▮

First District (2nd Division)—August 7, 1973.

James J. Doherty, Public Defender, of Chicago, (Robert Motta, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis, Mariann Twist, and Thomas Passarelli, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

After a bench trial defendant was convicted of unlawful possession of an instrument adapted for use of narcotic drugs by subcutaneous injection (Ill. Rev. Stat. 1971, ch. 38, par. 22—50), and was sentenced to sixty days in the House of Correction. On appeal he contends: (1) the search warrant should have been quashed because the reliability of the informant was not sufficiently established; (2) the complaint was void because it charged several offenses in the alternative instead of in separate counts; and (3) he was not proved guilty beyond a reasonable doubt.

On March 21, 1972, Officer Kendrick of the Chicago Police Department applied for a search warrant to search defendant and room 542 of the Pershing Hotel located at 6400 South Cottage Grove, Chicago, Illi-

nois. The search warrant was issued on the basis of Officer Kendrick's affidavit which stated that he had received information from an informant known to him to be reliable that defendant had a large quantity of drugs in his possession and had sold the informant some heroin at the premises to be searched. The affidavit further stated that Officer Kendrick placed the room under surveillance between 10:30 A.M. and 1:30 P.M. on March 20, 1972 during which period four persons known to Officer Kendrick to be narcotics addicts entered the room, stayed for a short period of time and then departed.

At trial Officer Kendrick testified that he executed the search warrant on March 22, 1972. At about 10:00 A.M. he knocked on the door of room 542 of the Pershing Hotel. A voice from inside the room asked who it was and he replied, "its a police officer; open the door." Upon hearing movement in the room he looked through a crack in the door panel and observed defendant remove some articles from the top of a dresser, put them in a paper bag, wrap the bag with a neck scarf, and throw the bag out the window. Defendant then opened the door and admitted the officer to the room. The officer presented defendant with a copy of the search warrant and searched the room. On the closet floor he discovered a hypodermic syringe and a bottle cap that was burned on the bottom. The officer then looked out the window and observed the neck scarf on the roof one floor below the room. Upon retrieving the scarf and bag he discovered that it contained eight hypodermic needles, three syringes with needles and nine syringes. He testified that all of the needles, syringes and the bottle cap that he had described were "under the inventory with the Chicago Police Department."

Defendant testified that, after he had refused to comply with a command to "open up the door in the name of the law," about five police officers broke open the door to his room and searched the premises. He denied throwing a packet out of his window. He testified that the police showed him some needles they said were found on the roof beneath his window, but denied that Officer Kendrick showed him a bottle cap and hypodermic needle found on his closet floor. He testified that there were no hypodermic needles in his room on the date in question.

No physical evidence was introduced at trial.

■■ Defendant initially contends that the search warrant should have been quashed because the reliability of the informant was not sufficiently established as required by *Aguilar v. Texas*, 378 U.S. 108. He cites *People v. Young*, 4 Ill.App.3d 602, 279 N.E.2d 392, as controlling. In *Young* the affidavit upon which the search warrant was issued stated that the affiant had received his information from "a reliable police informant

who in the past have given information resulting in three narcotics convictions. It was held that the search warrant was properly quashed because the affidavit did not present a sufficient basis for the affiant's belief of the reliability of the informant.

In the instant case the affidavit stated:

> "On pervious [sic] occasions, information supplied by this person had resulted in four arrests, all for narcotics violations. In each of these arrests, narcotic Drugs [sic] and narcotic paraphernalia was confiscated. Of the four arrests mentioned, 2 were findings of guilty, one Bond Forfiture, [sic] and one case presently pending in the Curcuit [sic] Court of Cook County."

In addition, the informant told the affiant that he (the informant) had purchased heroin from defendant at the premises to be searched. The affidavit further stated that the affiant personally observed four persons known to him to be narcotics addicts enter the room, stay for a short period of time and depart. We think that the specificity of the affidavit coupled with the affiants personal observations distinguishes this case from *People v. Young, supra,* and was sufficient to establish probable cause for the issuance of the search warrant. *People v. Portis,* 4 Ill.App.3d 333, 280 N.E.2d 712; *People v. Jordain,* 10 Ill.App.3d 46, 284 N.E.2d 3; *Harris v. United States,* 403 U.S. 573.

Defendant next contends that the complaint in the instant case was void because it charged several offenses in the alternative instead of in separate counts. He argues that the phraseology of the complaint rendered him uncertain of the charge against him and hindered his preparation of a proper defense.

The complaint states in pertinent part that defendant "committed the offense of Possession of Hypodermic Needle in that he knowingly did then and there unlawfully have in his possession a hypodermic needle, a hypodermic syringe or other instrument adaptable for the subcutaneous injection drugs [sic], otherwise than as authorized in the Uniform Narcotic Drug Act of the State of Illinois."

■■ A charge which follows the language of the statute defining the crime and uses the disjunction "or" will be sufficient where the statute does not name disparate and alternative acts, any one of which will constitute the offense. (See *People v. Heard,* 47 Ill.2d 501, 266 N.E.2d 340.) The complaint in the case at bar substantially follows the language of the statute which proscribes the possession of a hypodermic syringe, hypodermic needle, or "any instrument adapted for the use of controlled substances or cannabis by subcutaneous injection." (Ill. Rev. Stat. 1971, ch. 38, par. 22—50.) The offense is committed by the act of possessing

an instrument of the type proscribed by the statute. Therefore, the use of the word "or" in the complaint does not render the statement of the offense uncertain and the complaint is not defective.

Defendant finally contends that he was not proven guilty beyond a reasonable doubt. He asserts that, inasmuch as no physical evidence was introduced, his conviction is based solely on the testimony of Officer Kendrick. He argues that there is nothing in the record to indicate that Officer Kendrick knew what a hypodermic needle or syringe looked like, thus raising a reasonable doubt that he in fact possessed such an instrument.

■■ It is our opinion that expert opinion is not required to establish what is or is not a hypodermic needle or syringe, since the appearance of these instruments is of common knowledge. Therefore, the testimony of Officer Kendrick that he discovered such instruments on the premises of defendant was sufficient to establish the commission of the offense charged.

■■ Defendant also argues that the failure of the State to introduce the confiscated needles and syringes into evidence raises an inference that such evidence would be unfavorable to the State. A negative inference does not arise from the non-production of evidence, if such evidence is available to both parties. (*People v. Smith*, 58 Ill.App.2d 123, 206 N.E.2d 714, *aff'd* 46 Ill.2d 430, 263 N.E.2d 860.) Defendant could have demanded that the evidence in question be produced in court. Therefore, no inference arises from its non-production.

The testimony of Officer Kendrick that he recovered hypodermic needles and syringes from defendant's premises was sufficient to prove defendant guilty beyond a reasonable doubt.

Accordingly, the judgment is affirmed.

Affirmed.

LEIGHTON and HAYES, JJ., concur.