NOTICE

Decision filed 01/16/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160392-U

NO. 5-16-0392

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 12-CF-329 |
| | ) | |
| MAURICE L. COOPER, | ) | Honorable |
| | ) | William G. Schwartz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Boie concurred in the judgment.

**ORDER**

¶ 1  *Held*: The circuit court's dismissal of the defendant's postconviction petition is affirmed where the defendant failed to raise allegations that met the low standards required to progress to second-stage proceedings.

¶ 2  The defendant, Maurice L. Cooper, appeals the circuit court's dismissal of his postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a motion to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). The defendant was given proper notice and granted an extension of time to file briefs, objections, or any other document supporting his appeal.

1

The defendant filed a response. We considered OSAD's motion to withdraw as counsel on appeal and the defendant's response. We examined the entire record on appeal and found no error or potential grounds for appeal. For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of Jackson County.

¶ 3                                    BACKGROUND

¶ 4     According to the evidence adduced at his jury trial, the defendant shot Andreako Lilly. As a result of the shooting, Lilly was paralyzed from the chest down. The State charged the defendant with aggravated battery with a firearm. The case proceeded to a jury trial where testimony was given and each of the State's witnesses was cross-examined by trial counsel.

¶ 5     Lilly testified that the defendant shot him. He also testified that on two occasions he told a police officer or detective that he did not know who shot him. The first instance was immediately after the shooting while he was receiving first aid. Lilly explained that the reason he said that he denied knowing who shot him at that time was because he did not want to be seen as a snitch. The second time he told someone in law enforcement that he did not know who shot him was shortly before trial. He explained that the reason he denied knowing who shot him on that occasion was because he did not want to testify at trial.

¶ 6     Brooke Troxel testified that she did not see who shot Lilly. She admitted that she had described seeing the shooting and identified the defendant as the shooter from a photo lineup on the night of the shooting. She testified that she was extremely drunk when she

2

identified the defendant. A video of Troxel's interactions with a detective where she described seeing the shooter was played for the jury.

¶ 7    The jury found the defendant guilty, and he appealed, arguing that he was not found guilty beyond a reasonable doubt. This court affirmed. *People v. Cooper*, 2015 IL App (5th) 130030-U.

¶ 8    The defendant then filed a postconviction petition alleging (1) that the State knowingly used perjured testimony, (2) that the evidence was insufficient to prove him guilty beyond a reasonable doubt, (3) that his sentence was excessive, and (4) that he was denied the effective assistance of counsel. The defendant provided no detail or supporting affidavits to support his claims. He also sought scientific testing of some unnamed evidence. The trial court summarily dismissed the postconviction petition and denied the petition for testing. The defendant now appeals.

¶ 9                                  ANALYSIS

¶ 10                              Controlling Law

¶ 11   The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)) allows a person convicted of a crime to "assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution." *People v. Coleman*, 183 Ill. 2d 366, 379 (1998). Evidence of the claim must be attached to the petition in the form of "affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2012). "[T]he failure to either attach the necessary 'affidavits, records, or other evidence' or explain their absence is 'fatal' to a post-conviction petition [citation] and by itself justifies

3

the petition's summary dismissal [citation]." *People v. Collins*, 202 Ill. 2d 59, 66 (2002). The Act provides a three-stage process for dealing with postconviction petitions. *People v. Tate*, 2012 IL 112214, ¶ 9. "At the first stage, the circuit court must independently review the petition, taking the allegations as true, and determine whether the petition is frivolous or is patently without merit. [Citation.] A petition may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Id.* Postconviction petitions whose claims are barred by *res judicata* and forfeiture are frivolous and patently without merit and may be summarily dismissed. *People v. Blair*, 215 Ill. 2d 427, 442 (2005). The doctrine of forfeiture will be relaxed, however, where the forfeiture stems from the ineffective assistance of appellate counsel. *People v. English*, 2013 IL 112890, ¶ 22. To avoid a first-stage dismissal, a defendant must provide a sufficient factual basis to show that the allegations of the petition are capable of objective or independent corroboration. *People v. Allen*, 2015 IL 113135, ¶ 24.

¶ 12    An allegation of a violation of the constitutional right to effective assistance of counsel is evaluated under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted in Illinois by *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). The standard has two prongs, both of which must be satisfied for a defendant to prevail on an ineffective-assistance-of-counsel claim. First, the defendant must show that his "counsel's representation fell below an objective standard of reasonableness and that counsel's shortcomings were so serious as to deprive the defendant of a fair trial." (Internal quotation marks omitted.) *Albanese*, 104 Ill. 2d at 525.

4

Second, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* The reviewing court can address these requirements in either order. *Id.* at 527. A failure to satisfy either prong of the *Strickland* standard causes the allegation of ineffective assistance of counsel to fail; the court need not address both prongs. See *Strickland*, 466 U.S. at 697. The threshold to advance to second-stage proceedings in postconviction proceedings is much lower than the ultimate burden of showing ineffective assistance of counsel explained above: "[a]t the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). Broad conclusory allegations of ineffective assistance of counsel are not sufficient to defeat a summary dismissal. *People v. Delton*, 227 Ill. 2d 247, 258 (2008).

¶ 13                    Beyond a Reasonable Doubt

¶ 14    A claim that a defendant was not proved guilty beyond a reasonable doubt is not cognizable in a postconviction petition. *People v. Smith*, 46 Ill. 2d 430, 432 (1970). Even if it were, *res judicata* would bar the defendant in the present case from raising it in his postconviction petition because it was raised and rejected on direct appeal. To the extent the defendant's claim could be construed as a claim of actual innocence it would fail. "Substantively, in order to succeed on a claim of actual innocence, the defendant must present new, material, noncumulative evidence that is so conclusive it would probably

5

change the result on retrial." *People v. Coleman*, 2013 IL 113307, ¶ 96. The defendant does not meet the *Coleman* standard: he provided no evidence that he claims is new or that is in any way near changing the result.

¶ 15                                        Perjured Testimony

¶ 16    The defendant also argued that the State knowingly used perjured testimony. He claimed that the testimony of Lilly and Troxel was perjured because it differed from their pretrial statements. Notably, he did not point to any testimony that was not part of the court record. Therefore, this argument is forfeited because it could have been but was not raised on appeal. Moreover, "in order for the testimony to constitute perjury which is reversible error, the testimony must be shown 'by clear, convincing and satisfactory evidence to have been, not false merely, but to have been willfully and purposely falsely given.' [Citation.]" *People v. Bounds*, 36 Ill. App. 3d 330, 337 (1976). The defendant never explained what made the testimony by Troxel and Lilly perjury. Inconsistencies between trial testimony and prior statements do not establish perjury or that the State knowingly used perjured testimony. *People v. Amos*, 204 Ill. App. 3d 75, 85 (1990). Moreover, the State itself pointed out the changes in testimony of these witnesses. The State did not try to elicit false testimony. It provided evidence showing why the witnesses' testimony was truthful when they identified the defendant.

¶ 17                                        Sentence Was Excessive

¶ 18    The defendant claimed that his sentence was excessive considering the circumstances. A claim that a sentence is excessive is not cognizable in postconviction proceedings. *People v. Ballinger*, 53 Ill. 2d 388, 390 (1973). Moreover, this claim was

6

conclusory, unsupported by any specific factual allegations. Finally, the claim is forfeited because it could have been raised on direct appeal.

¶ 19                                 Ineffective Assistance of Counsel

¶ 20    The defendant also made numerous claims of ineffective assistance of counsel. The record demonstrates that all of the defendant's claims are either forfeited because they could have been raised on appeal but were not, refuted by the record, or are merely conclusory allegations which fail to allege sufficient facts demonstrating that they are capable of independent or objective corroboration.

¶ 21                                 Motion for Testing of Evidence

¶ 22    The defendant titled his pleading as a postconviction petition and motion for testing of evidence pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2016)). The trial court summarily denied the request for testing of evidence without specifically addressing it. We affirm the court's denial because the record demonstrates that the defendant failed to meet at least one of the criteria required to obtain an order to test evidence. One of multiple criteria that must be met is that the defendant must show that "the result of the testing has the scientific potential to produce new, noncumulative evidence." *Id.* § 116-3(c)(1). The defendant failed to even identify what item or items he wanted tested. He also failed to show how any testing had the potential to produce "new, noncumulative evidence." *Id.*

7

¶ 23                                          CONCLUSION

¶ 24     None of the defendant's claims were supported by the record or supporting affidavits. This is fatal to each claim raised in the petition. The circuit court properly dismissed the defendant's postconviction petition and motion for testing. Therefore, we grant OSAD's motion to withdraw and affirm the decision of the circuit court of Jackson County.


¶ 25     Motion granted; judgment affirmed.