2021 IL App (1st) 182118-U

No. 1-18-2118

Order filed May 26, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 15200 |
| | ) | |
| CARLOS JENKINS, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1  *Held*: The summary dismissal of defendant's *pro se* postconviction petition is reversed and the cause remanded where defendant presented an arguable claim of ineffective assistance based on trial counsel's failure to cross-examine a witness in order to elicit the content of defendant's inculpatory statement.

¶ 2  Defendant Carlos Jenkins appeals from the circuit court's summary dismissal of his petition for relief filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2018)). On appeal, defendant contends that the court erroneously dismissed the petition

because it stated an arguable claim that trial counsel was ineffective for failing to cross-examine a State's witness to elicit defendant's admission that he committed the offense with a plastic toy gun when the issue of whether defendant possessed an actual firearm was contested at trial. For the following reasons, we reverse and remand for further proceedings under the Act.

¶ 3       Following a bench trial, defendant was found guilty of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2012)) and sentenced to 25 years in prison. We set forth only the trial evidence relevant to the issue on appeal. Prior to trial, defendant filed a motion for discovery requesting any written or recorded statements and the substance of any oral statements made by defendant. In its answer to discovery, the State stated that it would use "statements made by defendant" at trial.

¶ 4       At trial, Brian Green testified that on July 15, 2012, he was working at an adult novelty store on West Randolph Street in Chicago. Around 11 a.m., defendant entered the store and approached the counter. Defendant then "pulled out a gun" and demanded money. Green described the firearm as black with a brown handle. Defendant told Green, " 'Hurry up or I'll shoot you.' " Green removed money from the cash register and handed it to defendant, who then left the store. Green contacted the police, spoke to officers, and told them that the store had a video surveillance system. He later identified defendant in a line-up. At trial, Green identified himself and defendant in footage from the surveillance system and in a still photograph from the footage which he testified showed "defendant with a gun in his hand."[1]

_____

[1] Neither the video nor the photograph is included in the record on appeal.

¶ 5    During cross-examination, Green testified that he was behind a "stomach high" counter but saw defendant draw the firearm because defendant "stepped back." The firearm was pointed at him "[b]riefly," for only one or two seconds.

¶ 6    Chicago police detective Robert Smith spoke with defendant on July 26, 2012, at a police station. Smith advised defendant of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The State asked whether defendant made an "inculpatory statement," and Smith answered affirmatively. Smith then contacted Green and was present when Green identified defendant. Trial counsel did not cross-examine Smith.

¶ 7    During closing argument, trial counsel argued there was "nothing in the evidence" to indicate that defendant was armed with a firearm or even a dangerous weapon. Green supplied "no details" about the object, no firearm was recovered, and the video and photograph did not clearly show the object in defendant's hand. Counsel concluded that the State could not meet its burden based solely on Green's "vague" description, and asked the court to find defendant guilty of the lesser-included offense of robbery. The State responded that Green observed the firearm and heard defendant say to hurry up or be shot and that evidence, combined with the video and photograph, was sufficient to establish that defendant possessed a firearm.

¶ 8    In finding defendant guilty, the court acknowledged there was not an "extensive" description of the firearm, but that Green described it as black with a brown handle and "unequivocally" stated it was a firearm. The court concluded that defendant's threat to shoot Green and his actions on the video indicated he was not holding "something innocent" like a "plastic gun or piece of metal." The court noted that "[t]here was nothing in the record that indicated it was

something other than a gun." Relying on Green's testimony and the "very clear" video, the court found defendant guilty of armed robbery with a firearm.

¶ 9     Defendant filed two motions seeking a new trial alleging, *inter alia*, that the State failed to prove beyond a reasonable doubt that the object he possessed was an actual firearm when Green gave a vague description of the object and only saw it for a "brief moment." The trial court denied defendant a new trial and sentenced him to 25 years in prison.

¶ 10    On direct appeal, we rejected defendant's contention that his conviction should be reduced because there was insufficient evidence that he was actually armed with a firearm. See *People v. Jenkins*, 2016 IL App (1st) 141673-U.

¶ 11    On May 15, 2018, defendant filed the instant *pro se* postconviction petition alleging that he was denied effective assistance by trial counsel's failure to cross-examine Smith as to the content of defendant's inculpatory statement in order to elicit that defendant admitted to the robbery but asserted he used a "plastic toy gun." The petition further asserted that defendant was denied due process because the State elicited false testimony that his statement was inculpatory when, in fact, defendant "expressly" denied an element of the charged offense. The petition finally alleged that defendant was denied effective assistance on direct appeal when counsel did not raise these issues.

¶ 12    Attached to the petition were handwritten and typed summaries of defendant's July 26, 2012 statement. The handwritten summary, part of a "General Progress Report" by the Chicago Police Department detective division, stated that defendant robbed a cashier and displayed a "toy/replica gun" during the offense. The typed summary stated that at 10 p.m., in the presence of

Smith and an assistant State's Attorney, defendant stated that he robbed the store with a "plastic toy gun" because he needed money for crack.

¶ 13 On August 2, 2018, the circuit court summarily dismissed the petition as frivolous and patently without merit in a written order. In relevant part, the court stated that even if defendant's statements were admissible, "there is no arguable probability the outcome would have been different had counsel elicited [defendant's] statement he used a toy gun." Consequently, defendant was not arguably prejudiced by trial counsel's failure to adduce that statement from Smith.

¶ 14 The Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings which resulted in his conviction. 725 ILCS 5/122-1 *et seq.* (West 2018). At the first stage of proceedings under the Act, the defendant files a petition, which the circuit court independently reviews and, taking the allegations as true, determines whether it is frivolous or is patently without merit. *People v. Tate*, 2012 IL 112214, ¶ 9. A petition should be summarily dismissed as frivolous or patently without merit only when it has no arguable basis in either fact or law. *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). A petition lacks an arguable basis in fact or law when it "is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.* at 16. Fanciful factual allegations are those which are "fantastic or delusional," and an indisputably meritless legal theory is one that is "completely contradicted by the record." *Id.* at 16-17. We review the summary dismissal of a postconviction petition *de novo*. *Id.* at 9.

¶ 15 When considering a claim of ineffective assistance of trial counsel at the first stage of postconviction proceedings, the defendant must show both that counsel's performance was arguably deficient, and that he was arguably prejudiced by counsel's deficient performance,

namely, that it affected the outcome of his trial. *Id.* at 17 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

¶ 16     Here, defendant contends that his petition set forth an arguable claim that he was denied effective assistance when trial counsel failed to cross-examine Smith as to the content of defendant's inculpatory statement once the State elicited that defendant made the statement. Defendant concludes that the content of this statement, that he committed the offense with a plastic toy gun, would have supported the defense theory that he did not possess an actual firearm and contradicted Green's testimony that defendant possessed a firearm.

¶ 17     Decisions on cross-examination usually will not support a claim for ineffective assistance because they are matters of trial strategy involving "the exercise of professional judgment which is entitled to substantial deference from a reviewing court." *People v. Pecoraro*, 175 Ill. 2d 294, 326-27 (1997). However, when reviewing a summary dismissal under the Act, this court does not consider whether trial counsel's actions or inactions were based on trial strategy. See *Tate*, 2012 IL 112214, ¶ 22 (arguments related to trial strategy are "inappropriate for the first stage" of postconviction proceedings).

¶ 18     In the case at bar, it is at least arguable that trial counsel was ineffective in failing to cross-examine Smith as to the content of defendant's inculpatory statement. Smith's testimony that defendant made an inculpatory statement created the reasonable inference that defendant confessed to committing the charged offense, armed robbery with a firearm. However, the documents attached to defendant's *pro se* petition stated that defendant admitted to committing the offense with a plastic toy gun. We cannot say that defendant's legal theory that counsel could have cross-examined Smith as to the content of defendant's inculpatory statement in order to clarify that

defendant admitted he committed a robbery, but not a robbery armed with a firearm, is indisputably meritless. See *People v. Liner*, 356 Ill. App. 3d 284, 292-93 (2005) ("Under the doctrine of curative admissibility, a party may present inadmissible evidence where necessary to cure undue prejudice resulting from an opponent's introduction of similar evidence."); see also *People v. Mandarino*, 2013 IL App (1st) 111772, ¶ 29 ("The doctrine [of curative admissibility] is protective, and only shields a party from unduly prejudicial inferences raised by the other side.").

¶ 19    Moreover, defendant was arguably prejudiced when Green admitted he only observed the object at issue for a few seconds and described it as black with a brown handle. Evidence that defendant admitted the object was a plastic toy gun would have supported the defense theory that he was not armed with an actual firearm. Trial counsel may be considered ineffective for failing to present exculpatory evidence of which he or she is aware. *People v. Upshaw*, 2017 IL App (1st) 151405, ¶ 39. Additionally, when making its guilty finding, the trial court specifically noted "[t]here was nothing in the record that indicated it was something other than a gun." Thus, it is at least arguable that defendant was prejudiced by counsel's failure to cross-examine Smith in order to elicit the content of the inculpatory statement. See *People v. Wilson*, 2013 IL App (1st) 112303, ¶ 20 (at the first stage of proceedings, a defendant need only show that "it is *arguable* that his counsel was deficient and it is *arguable* that the outcome of his case would have been different absent the deficient representation" (emphasis in original)).

¶ 20    Accordingly, we find that defendant satisfied the low threshold applicable to first-stage proceedings (see *People v. Allen*, 2015 IL 113135, ¶ 24), and set forth an arguable claim for ineffective assistance of counsel. We therefore reverse the summary dismissal of the instant petition and remand the matter to the circuit court for further proceedings under the Act. We take

no position on the merits of defendant's claim or his ability to prove that he was denied effective assistance of counsel. See *Tate*, 2012 IL 112214, ¶ 26.

¶ 21    For the foregoing reasons, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings under the Act.

¶ 22    Reversed and remanded.