2022 IL App (1st) 192514-U

FIFTH DIVISION
April 15, 2022

No. 1-19-2514

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 15201 |
| | ) | |
| CARLOS JENKINS, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the summary dismissal of defendant's postconviction petition. The defendant failed to state the gist of a constitutional claim that: (1) the State violated its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence of his allegedly exculpatory statement to police, or (2) trial counsel was ineffective for failing to investigate the statement.

¶ 2    Defendant Carlos Jenkins appeals from the circuit court's summary dismissal of his petition for relief filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). He argues that his petition stated the gist of a constitutional claim that the State

violated its discovery obligations and *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding evidence of a statement he made to police. He also argues that his petition stated the gist of a constitutional claim that his trial counsel was ineffective for failing to investigate and obtain the statement. We affirm.

¶ 3    Defendant was charged by indictment of committing armed robbery with a firearm of a coffee shop on July 15, 2012, in case No. 12 CR 15201, the case at issue in this appeal. In case No. 12 CR 15200, he was charged with armed robbery of an adult novelty store on the same day.

¶ 4    The State elected to try the novelty store case first. Following a 2013 bench trial, the court found defendant guilty and sentenced him to 25 years' imprisonment. We affirmed, over defendant's contention that there was insufficient evidence he was armed with a firearm. *People v. Jenkins*, 2016 IL App (1st) 141673-U.

¶ 5    Following a 2015 jury trial, defendant was convicted of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2012)) and sentenced to 34 years' imprisonment for the coffee shop robbery. We affirmed on direct appeal. *People v. Jenkins*, 2018 IL App (1st) 152155-U. Because we set forth the facts in detail in our order on direct appeal, we recount only the facts necessary to resolve the issue on appeal.

¶ 6    During discovery, defendant requested the State produce any written or recorded statement by him, and the substance of any oral statement, including a list of witnesses to the statement, the time and place of the statement, and any written or recorded memoranda containing the statement's substance. The State's answer provided that any such evidence would be included in the "police reports, transcripts, *** and other documents" attached to the answer. The State's answer further stated that it did not possess or control any material or information

which tended to negate defendant's guilt or reduce his punishment. The record does not contain the documents the State attached to its response.

¶ 7    At trial, Takira Hill testified that, around 7 p.m. on July 15, 2012, she was working as a cashier at a coffee shop. Defendant entered the shop, approached the cash register, and told Hill to empty it. Hill responded that another employee from the back of the shop would have to unlock the register. Defendant said he had a "banger" and "[did not] want to have to blow [her] head off." He lifted his shirt and tucked it behind a firearm in his waistband. The firearm was black with a brown handle. Hill opened the register and gave defendant the money, and defendant left. A police officer testified that officers never recovered the item in defendant's waistband.

¶ 8    Following the close of evidence, the court granted defendant's request to instruct the jury on the lesser-included offense of robbery. Both parties declined to request a jury instruction defining "firearm." During closing arguments, defense counsel argued that the State failed to prove defendant was armed with a real firearm and not a toy.

¶ 9    During deliberations, the jury sent the court a note asking, "What constitutes a firearm?" The parties agreed that the court should instruct the jury that they had been given the law and should continue deliberating.

¶ 10    The jury found defendant guilty. The court sentenced defendant to 34 years' imprisonment, to be served concurrently with his sentence in the novelty store case.

¶ 11    Defendant appealed, arguing *inter alia* that (1) trial counsel was ineffective for failing to request a jury instruction on the legal definition of "firearm"; (2) the court abused its discretion

by not giving the instruction when the jury asked for the definition; and (3) the State failed to establish that he was armed with a firearm. We affirmed. *Jenkins*, 2018 IL App (1st) 152155-U.

¶ 12    On July 17, 2019, defendant filed a *pro se* petition for relief under the Act. Defendant alleged that the State violated *Brady* by withholding a statement he made to a detective and an assistant State's Attorney (ASA) that the firearm he displayed during the robbery was a toy. He further alleged that trial counsel was ineffective for failing to investigate the statement after defendant alerted him of its existence. Defendant argued that, if the jury had evidence the firearm was fake, he would have been found guilty of robbery instead of armed robbery with a firearm, and received a shorter sentence.

¶ 13    Defendant attached to his petition handwritten and typed summaries of his statement, dated July 26, 2012. The handwritten summary, labeled "General Progress Report" and "Detective Division/Chicago Police," indicates that defendant stated he "[d]isplayed a toy/replica gun" to the cashier at the novelty store, then "showed gun" to the cashier at the coffee shop. The typed summary, which is labeled with case No. 12 CR 15200, indicates that defendant stated he robbed a store "in the morning," and "had a gun but it was a plastic toy gun." Defendant also attached an affidavit averring that he informed trial counsel he had told a detective and an ASA the firearm was a toy, and asked trial counsel to obtain the statements, but counsel did not.

¶ 14    The petition further asserted that trial counsel was ineffective for failing to file a motion to suppress Hill's lineup identification and not requesting the jury be instructed on the definition of a firearm. It alleged that counsel on direct appeal was ineffective for failing to argue that trial counsel was ineffective on those grounds. It also claimed that appellate counsel was ineffective for failing to argue that (1) the court erred in not questioning a juror who requested to speak with

the court during deliberations and was allegedly hesitant when the jury was polled; (2) trial counsel was ineffective for not objecting when the court failed to question the juror, both when she requested during deliberations and exhibited hesitancy when polled; and (3) trial counsel was ineffective for not objecting when the trial court gave only a partial instruction pursuant to *People v. Prim*, 53 Ill. 2d 62 (1972).

¶ 15    The circuit court summarily dismissed defendant's petition as frivolous and patently without merit. In relevant part, the court found that defendant did not set forth the gist of a *Brady* claim as he knew of the statement which he himself made to police, and he waived his claim that trial counsel was ineffective for failing to investigate the statement, because he failed to raise that issue on direct appeal.

¶ 16    Defendant now appeals, arguing that his petition set forth the gist of constitutional claims that the State violated its discovery obligations and *Brady* by withholding his statement, and trial counsel was ineffective for failing to investigate his statement. He does not challenge the circuit court's judgment as to the remainder of his claims.

¶ 17    The Act provides a three-stage mechanism by which a criminal defendant can assert that he suffered a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2018); *People v. English*, 2013 IL 112890, ¶¶ 21, 23. At the first stage, the circuit court independently reviews the petition and determines whether it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). A petition is frivolous or patently without merit only if it has no arguable basis in law or fact. *Id.* at 11-12. A petition has no arguable basis in law or fact if it is based on "an indisputably meritless legal theory," such as one "completely

contradicted by the record," or a "fanciful factual allegation," such as one that is "fantastic or delusional." *Id.* at 16-17.

¶ 18    In evaluating the petition, the circuit court must liberally construe and accept as true the defendant's factual allegations. *People v. Allen*, 2015 IL 113135, ¶ 25. However, the Act requires the defendant to attach "affidavits, records, or other evidence" supporting his allegations (725 ILCS 5/122-2 (West 2018)), and a petition containing only conclusory assertions will be summarily dismissed (*People v. Morris*, 236 Ill. 2d 345, 354 (2010)). We review a circuit court's summary dismissal of a post-conviction petition *de novo*. *Id.*

¶ 19    We begin our analysis with defendant's discovery claim. In doing so, we note defendant did not allege in his petition that the State committed a discovery violation by withholding his statement. Rather, he alleged that the State violated *Brady* by suppressing his statement, which he characterized as exculpatory. However, in this court, defendant argues that because he admitted in his statement that he committed the robbery, his statement could be seen as inculpatory, and the State therefore committed a discovery violation by withholding evidence of his statement. See *People v. Carballido*, 2011 IL App (2d) 090340, ¶ 49 n.6 (noting it was incorrect to characterize a claim that the State violated due process by suppressing inculpatory evidence as a *Brady* claim, as *Brady* claims involve exculpatory evidence).

¶ 20    Section 122-3 of the Act generally prevents a defendant from raising on appeal a claim absent from his petition. 725 ILCS 5/122-3 (West 2018). Nevertheless, the State does not argue that it is improper for defendant to raise the discovery violation claim on appeal from the petition's dismissal. Further, the claim relies on the same facts as the *Brady* claim defendant asserted in his *pro se* petition. Thus, we will consider the merits of his argument. See *People v.*

*De La Paz*, 204 Ill. 2d 426, 433 (2006) ("It is well established that the State may waive waiver," and section 122-3 is not a jurisdictional bar to considering the merits of claims not raised in the original petition); see also *Hodges*, 234 Ill. 2d at 21 (whether petition which focused on self-defense could be read to include allegations regarding second degree murder predicated on the defendant's unreasonable belief he was acting in self-defense was a question "which, under a liberal construction, should be answered in [the] defendant's favor").

¶ 21 The Code of Criminal Procedure of 1963 (Code) requires that discovery procedures in criminal cases comport with supreme court rules. 725 ILCS 5/114-13(a) (West 2012). In turn, Supreme Court Rule 412 provides that, on defense counsel's motion, the State must disclose "any written or recorded statements and the substance of any oral statements made by the accused or by a codefendant, and a list of witnesses to the making and acknowledgment of such statements." Ill. S. Ct. R. 412(a)(ii) (eff. Mar. 1, 2001). The rule further states that the State "should ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the accused and the offense charged," and that, upon defense counsel's request, the State "shall use diligent good-faith efforts" to make available any material or information possessed by other government personnel. Ill. S. Ct. R. 412(f), (g) (eff. Mar. 1, 2001).

¶ 22 The Code moreover requires any "investigative, law enforcement, or other public agency" responsible for investigating a non-homicide felony to provide investigative material to the prosecuting authority, such as "any material or information, including but not limited to reports and memoranda, within its possession or control that would tend to negate the guilt of the

accused ***." 725 ILCS 5/114-13(b) (West 2012). That obligation continues "whether the information was recorded or documented in any form," and every investigative and law enforcement agency must "adopt policies to ensure compliance with these standards." *Id.*

¶ 23 The State's failure to disclose evidence when required by Rule 412 and section 114-13(b) may violate a defendant' due process rights if (1) the defendant requested the State produce the evidence, (2) the State failed to disclose the evidence, and (3) the evidence is material to guilt or innocence. *Carballido*, 2011 IL App (2d) 090340, ¶ 49.

¶ 24 After reviewing the record, we find that defendant has not stated the gist of a constitutional claim that the State violated its discovery obligations. Here, in a motion for discovery, trial counsel requested any written or recorded statement by defendant and any written or recorded memoranda containing the substance of any oral statement. Thus, trial counsel requested the summaries of defendant's statement. The State does not contest that it failed to produce the documents, or that the documents were within the State's possession or control.

¶ 25 We do not believe, however, that this failure even arguably violated defendant's due process rights. Rule 412 is designed "to protect a defendant against surprise, unfairness, and inadequate preparation, and to afford the defense an opportunity to investigate circumstances surrounding the statement." *People v. Sanchez*, 388 Ill. App. 3d 467, 473 (2009). Thus, a defendant's prior statement is inadmissible if the State failed to disclose it. *People v. Rodriguez*, 236 Ill. App. 3d 432, 437 (1992) ("It is well settled that failure of the prosecution to disclose a prior statement made by defendant renders that statement inadmissible at trial."). Here, though, the State did not attempt to offer defendant's statement into evidence. The State's failure to disclose the summaries memorializing the defendant's own statement therefore did not result in

unfair surprise at trial, or impede the defense's ability to prepare for trial or investigate the circumstances surrounding the statement. See *People v. Clemons*, 277 Ill. App. 3d 911, 919-20 (1996) (holding on direct appeal that defendant was not entitled to new trial based on State's failure to disclose defendant's statement as the statement was not admitted at trial).

¶ 26    Defendant nevertheless maintains that his statement was material to his guilt or innocence as it was evidence that the firearm was a toy. We note that this argument contradicts the underlying premise of his discovery violation claim, *i.e.,* that the statement was *in*culpatory.

¶ 27    We next examine defendant's *Brady* claim. The State violates due process by withholding evidence that is favorable to the accused and material to guilt or punishment. *Brady*, 373 U.S. at 87. A defendant must show (1) the undisclosed evidence is favorable to him, (2) the State inadvertently or willfully suppressed the evidence, and (3) the evidence is material to guilt or punishment. *People v. Beaman*, 229 Ill. 2d 56, 73-74 (2008). Evidence is material if there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different. *Id.* at 74. To establish materiality, the defendant must show that the evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." (Internal quotation marks omitted.) *Id.*

¶ 28    The circuit court concluded that defendant's *Brady* claim was frivolous or patently without merit because he would have known about his own statement, the allegedly suppressed evidence. See *People v. Smith*, 46 Ill. 2d 430, 433 (1970) (defendant could not argue that prosecutor suppressed evidence where defendant was aware of the evidence and could have demanded it be produced in court). The State does not make that argument on appeal.

Regardless, we review the circuit court's judgment, not its reasoning, and may affirm on any basis supported by the record. *People v. Lee*, 344 Ill. App. 3d 851, 853 (2003).

¶ 29 The State does not contest that defendant's statement is exculpatory. Nor does it contest that it withheld the summaries of defendant's statement. Rather, the State argues that the record rebuts defendant's claim and the summaries themselves do not support the claim. The State notes that the typed summary is labeled with case No. 12 CR 15200, the case number for the adult novelty store robbery, and not the case number for the coffee shop robbery at issue here. The State further notes that the typed summary reflects that defendant indicated he used "a plastic toy gun" during the "morning" robbery, while the coffee shop robbery occurred in the evening. Moreover, the handwritten summary reflects that defendant indicated he used a "toy/replica gun" while robbing the novelty store, but "showed gun" to the cashier at the coffee shop. Thus, the State asserts that the documents do not support defendant's allegation that he told the detective and ASA he used a replica firearm during the coffee shop robbery.

¶ 30 We must liberally construe and accept defendant's allegation that he stated he used a replica firearm during the coffee shop robbery as true. Even so, we disagree that the documents rebut defendant's claim. The summaries show that defendant stated he used a replica firearm during the adult novelty store robbery. While the handwritten summary states that he "showed gun" to the cashier at the coffee shop later that evening, it does not specify that he indicated he showed a real firearm as opposed to the same replica firearm he used that morning in the first robbery.

¶ 31 However, as the State notes when discussing defendant's ineffective assistance claim, exculpatory statements made in police custody are inadmissible hearsay. See *People v. Barnwell*,

285 Ill. App. 3d 981, 989 (1996) ("It is well established that a criminal defendant's exculpatory statements made while in police custody constitute inadmissible hearsay, as would be the case with any out-of-court, self-serving declaration by a party not subject to any exception recognized by the hearsay rules."); see also *People v. Patterson*, 154 Ill. 2d 414, 452 (1992) (a defendant's self-serving statement is inadmissible hearsay as it relies on the truth of the matter asserted therein). Inadmissible hearsay, standing alone, is immaterial under *Brady*. See *People v. Olinger*, 112 Ill. 2d 324, 342 (1986) ("The nondisclosed evidence here could not possibly have affected the outcome because it is completely hearsay and would not have been admissible as evidence."); *People v. Del Prete*, 2017 IL App (3d) 160535, ¶ 47 (inadmissible evidence may be material under *Brady* "if it would have led to the discovery of admissible evidence" (citing *Olinger*, 112 Ill. 2d at 342-43)).

¶ 32    Here, defendant's statement to the detective and ASA would have been inadmissible hearsay. *Barnwell*, 285 Ill. App. 3d at 989. Further, we do not see how summaries of his own statement would have alerted defendant to any admissible evidence of which he was unaware, and defendant does not point to any such evidence. Thus, the summaries are immaterial. Defendant has therefore failed to state the gist of a claim that the State violated *Brady*.

¶ 33    Defendant next argues that trial counsel provided ineffective assistance by failing to investigate his statement after he alerted counsel that he made the statement. The circuit court found that defendant waived this claim by failing to assert it on direct appeal. The State does not assert on appeal that defendant waived his claim. In any case, defendant's claim fails on its merits. See *Lee*, 344 Ill. App. 3d at 853 (noting that we review the circuit court's judgment, not its reasoning, and may affirm on any basis in the record).

¶ 34    To prove that he received ineffective assistance of counsel, a defendant must show "both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense." (Internal quotation marks and emphasis omitted.) *People v. Tate*, 2012 IL 112214, ¶ 19. A defendant is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

¶ 35    A postconviction petition alleging ineffective assistance of counsel survives the first stage of proceedings under the Act if "(i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." (Internal quotation marks and emphases omitted.) *Tate*, 2012 IL 112214, ¶ 19. Here, it is not arguable that defendant was prejudiced.

¶ 36    Defendant argues that he was prejudiced because, had counsel presented his statement to the jury, it would have supported his defense that the State failed to prove that he was armed with a real firearm. However, a defendant fails to show prejudice based on counsel's failure to investigate where the relevant evidence would have been inadmissible. See *People v. Pecoraro*, 175 Ill. 2d 294, 305-08, 322 (1997) (another individual's self-incriminating statement was inadmissible hearsay, and defendant therefore could not establish prejudice from counsel's failure to learn of the statement); see also *Olinger*, 112 Ill. 2d at 342 (in *Brady* context, nondisclosed hearsay evidence "could not possibly have affected the outcome" as it would not have been admissible).

¶ 37 As noted, defendant's statement is inadmissible hearsay. *Barnwell*, 285 Ill. App. 3d at 989 (criminal defendant's exculpatory statements in police custody constitute inadmissible hearsay). Thus, it is not arguable that the outcome of defendant's trial would have been different had counsel investigated or obtained evidence of the statement.

¶ 38 Lastly, we briefly distinguish this court's recent reversal of the circuit court's decision to summarily dismiss defendant's postconviction petition in the adult novelty store case. *People v. Jenkins*, 2021 IL App (1st) 182118-U. In that case, the detective to whom defendant gave his statement testified at trial that defendant gave an "inculpatory statement." *Id.* ¶ 6. Defendant argued in his postconviction petition in that case that trial counsel was ineffective for failing to cross-examine the detective as to the statement's content. *Id.* ¶ 11. Defendant attached the same summaries to his petition as he did in this case. See *id.* ¶ 12. We reversed the circuit court's dismissal, finding it arguable that the content of defendant's statement could have been admitted under the doctrine of curative admissibility, as the detective's testimony that defendant gave an inculpatory statement implied "that defendant confessed to committing the charged offense, armed robbery with a firearm." *Id.* ¶ 18.

¶ 39 Here, however, the detective did not testify, and defendant identifies no other evidence offered at trial which implied that he gave an inculpatory statement. Thus, the curative admissibility doctrine would not have rendered defendant's statement admissible in the instant case. See *People v. Mandarino*, 2013 IL App (1st) 111772, ¶ 29 (curative admissibility is a "protective" doctrine, "and only shields a party from unduly prejudicial inferences raised by the other side"). Accordingly, the circuit court did not err in summarily dismissing defendant's postconviction petition.

¶ 40    We affirm the judgment of the circuit court of Cook County.

¶ 41    Affirmed.